THE STATE OF OHIO *v.* GRIGGY.

(No. 82 TRC 6908—Decided May 28, 1982.)

Akron Municipal Court.

*Ms. Elaine B. Davidson,* for plaintiff.
*Mr. Christopher T. Cherpas,* for defendant.

GEORGE, J. The defendant moved to suppress the evidence of a breathalyzer test administered to the defendant by a state highway patrolman. The defendant was arrested for failing to drive on the right side of the roadway (R.C. 4511.25) and for driving while under the influence of alcohol (R.C. 4511.19). On March 23, 1982, the defendant pled "not guilty."

On March 25, 1982, the defendant's counsel made a request for discovery from the prosecution of the defendant's

statements, past criminal record, videotapes, and records relating to any test of the defendant's blood alcohol concentration. On that same day the defendant motioned, pursuant to Crim. R. 12(B), for suppression of the evidence relating to the defendant's breathalyzer test and requested a hearing to determine the admissibility of the breathalyzer test. The defendant grounded his motion to suppress on the following:

1. The breathalyzer personnel were not qualified to conduct the test.

2. The ethyl alcohol solution used for the test was not properly kept.

3. The test was not conducted by the Ohio Department of Health Rules.

4. The test was not conducted for the times used pursuant to law and the Ohio Department of Health Rules.

5. The officer conducting the test did not give proper warnings.

6. The device was not properly operating at the time the test was conducted.

7. The test was a violation of the defendant's rights found in the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

On March 27, 1982, two days after the initial request for discovery, the defendant motioned for discovery pursuant to Crim. R. 16(B). The prosecution complied with the discovery request on April 15, 1982. In opposing the defendant's motion to suppress the prosecution contended that no pretrial hearing on the defendant's motion to suppress evidence was necessary except on the defendant's seventh ground which alleges infringement on the defendant's constitutional rights.

The issue before the court is whether the defendant is entitled to a hearing on the pretrial motion to suppress all breathalyzer evidence. The court finds the defendant is not entitled to such a hearing at this stage in the proceedings.

Where there is no constitutional basis for suppression, the exclusionary rule does not apply. *Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232 [18 O.O.3d 435]. Violations of the Ohio Department of Health regulations governing concentration tests are not bases for a pretrial suppression hearing. This does not mean that the results of the chemical blood alcohol concentration test will be admissible at trial. The burden is upon the prosecution to prove the foundational requirements for admissibility of the results of blood alcohol concentration tests. *State* v. *Keister* (Nov. 10, 1976), Summit App. No. 8149, unreported. The prosecution must affirmatively establish:

a. that the specimen subject to the test was withdrawn within two hours of the time of the alleged violation.

b. that the specimen was analyzed in accordance with the methods approved by the Director of Health.

c. that the analysis was made by an individual possessing a valid permit issued by the Director of Health pursuant to R.C. 3701.143. *State* v. *Miracle* (1973), 33 Ohio App. 2d 289, 293 [62 O.O.2d 440, 443].

This burden continues throughout the trial. Any lack of compliance with these regulations results in the inadmissibility of the chemical test results unless the defendant fails to object to the admission of the chemical test's results. *State* v. *Keister, supra.* It is unnecessary for the defendant to make a pretrial motion to suppress evidence in order to preserve his right to challenge admissibility of the results of a chemical blood alcohol concentration test due to statutory or regulatory noncompliance. *State* v. *Risner* (1977), 55 Ohio App. 2d 77 [9 O.O.3d 230]. It is unnecessary for the prosecution to establish the foundation for admission of the blood alcohol test at the pretrial hearing to suppress evidence. Such evidence is to be presented at trial.

A pretrial motion to suppress evidence is governed by Crim. R. 47 as well

as Crim. R. 12. Crim. R. 47 requires a motion to state with particularity the grounds upon which it is made and contain a memorandum of supporting authority. There is no supporting memorandum of authority regarding the defendant's allegations.

The defendant's fifth ground for suppression alleges that the arresting officer failed to give the proper warnings. The court is unable to ascertain the substance of this allegation. The defendant is unclear regarding the type of warnings which allegedly were not given, and if there are constitutional implications. The fifth ground being too ambiguous for clarity of interpretation is certainly not stated with particularity.

Finally, the defendant's motion must fail because it is frivolous. There is no support for the defendant's constitutionally based allegations. Crim. R. 47 requires a motion to include factual grounds supporting the request. The motion must be predicated upon more than hunches, surmises, and beliefs based upon imperfect reasoning. See *United States* v. *Fujimoto* (D.C. Hawaii 1952), 102 F. Supp. 890, 896. A motion must have some factual basis and contain more than mere allegation. *State* v. *Kiraly* (1977), 56 Ohio App. 2d 37, 55 [10 O.O.3d 53, 63].

The defendant's motion lacks factual basis. From the record it is evident that the defendant was seeking discovery of items to support the motion to suppress at the same time he was challenging improprieties in the way the blood alcohol concentration examination was conducted. In addition, the defendant demanded a hearing pursuant to Crim. R. 12 when the record clearly demonstrates the defendant had no knowledge of the facts because no discovery had yet been obtained regarding facts to support the defendant's allegations.

The defendant should not present the court with a frivolous motion on which the defendant hopes to later find some factual basis.

The result of the defendant's premature motion for suppression is a hearing in which the defendant would demand discovery. This procedure is wasteful of the court's resources and places too great a burden on the prosecution. The defendant should have sought a pretrial conference pursuant to Crim. R. 17.1 to obtain discovery with face-to-face confrontation with the prosecution.

The pretrial conference is a means to obviate the extensive and time-consuming written motion practice for obtaining discovery. (8 Moore's Federal Practice —Criminal Rules, Paragraphs 17.1.01 *et seq.*) When there is no unusual complexity or multiplicity of issues and/or parties, a pretrial conference serves to provide the parties with the necessary discovery and clarification without extensive demands for discovery under the other rules which require additional judicial time. Crim. R. 17.1 provides an informal route to discovery. The defendant has opted for discovery under Crim. R. 16 and has obtained such discovery.

The proper procedure in this case would have been for the defendant to first obtain a response to his discovery demand. Crim. R. 12(C) allows the court to extend the time for making pretrial motions. The court would consider the diligence of the defendant in seeking discovery and the actions of the prosecution in responding to the defendant's demands. If the defendant uncovers a factual basis to suppress the evidence, then the defendant is entitled to a pretrial hearing on a motion to suppress evidence.

The majority of the defendant's grounds are items to be proven by the prosecution at the trial. However, if justice requires, either the defendant or the prosecution could motion for a pretrial conference to narrow the issues to be presented at the trial.

*Motion denied.*