Robert Dale AULTMAN,
Plaintiff-Appellee,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE,
State of Colorado, Defendant-Appellant.

No. 84CA0611.

Colorado Court of Appeals,
Div. II.

July 25, 1985.

Rehearing Denied Aug. 29, 1985.

Certiorari Denied Dec. 2, 1985.

Randall J. Davis, Westminster, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Motor Vehicle Division of the Colorado Department of Revenue (Division), appeals the trial court judgment which reversed its revocation of the driver's license of plaintiff, Robert Aultman. The Division argues that the trial court erred in finding that the requirements of due process were violated because the hearing officer indulged a presumption of validity of intoxilyzer test results and thus, did not require sufficient foundation before admitting those results. We reverse.

Following his arrest on a charge of driving under the influence of alcohol, Aultman was given an intoxilyzer test of his breath.

The test results showed 0.162 grams of alcohol per 210 liters of breath. At Aultman's driver's license revocation hearing, the arresting officer testified that he administered the breath test on an intoxilyzer machine located at the police department, that he was certified by the Colorado Department of Health in the operation of the machine, and that he followed the Department of Health's checklist in administering the breath test to Aultman.

The form containing the test results also contained the checklist of the steps taken by the officer in administering the test, and this document was admitted into evidence. The trial court, however, in reversing the hearing officer, disregarded the checklist and test results, ruling that there was insufficient foundation showing the accuracy of the testing device. We conclude that the trial court erred in reversing the revocation and directing a reinstatement of Aultman's driver's license.

Driver's license revocation is mandatory if a chemical test of a driver's breath yields results of 0.15 or more grams of alcohol per 210 liters of breath. Section 42–2–122.-1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17). At a driver's license revocation hearing, the sole issue is whether a preponderance of the evidence shows that the licensee drove a vehicle when the "amount of alcohol in such person's blood was ... 0.15 or more grams of alcohol per 210 liters of breath ... as shown by chemical analysis of such person's ... breath." Section 42–2–122.-1(8)(c), C.R.S. (1984 Repl.Vol. 17).

In a trial of a case involving alcohol-related traffic offenses, the court is required to take judicial notice of the methods and operation of devices, as certified by the Department of Health, for testing a person's breath to determine alcohol level. Section 42–4–1202(6), C.R.S. (1984 Repl.Vol. 17). However, such judicial notice "shall not prevent the necessity of establishing during a trial that the testing devices used were in proper working order and that such testing devices were properly operated." Section 42–4–1202(6), C.R.S. (1984 Repl.Vol. 17).

The Colorado State Department of Health rules and regulations promulgated pursuant to § 42–4–1202, C.R.S., relating to blood alcohol testing govern the procedures for obtaining breath specimens, for conducting chemical tests, and for performing the analysis used to determine alcohol content. The rules of the Department require that both the operator of the breath testing machines and the facility where the machine is located be certified. Department of Health Rules & Regulations III and IV, 5 Code Colo.Reg. 1005–2. The rules further require that the Department publish annually a list of certified facilities and provide that this list is to be supplied to any interested party upon written request. Department of Health Rules & Regulations V.H., 5 Code Colo.Reg. 1005–2.

Appendix A of the Department of Health rules and regulations provides a fourteen-step operational checklist and procedure guide for intoxilyzer operators. The checklist requires the intoxilyzer operator to perform a simulator solution test prior to each breath test. A sample of known alcohol content is tested and the machine must show results of the sample test within the error limits set out in the regulation. The simulator solution test insures that the intoxilyzer is working accurately at the time the breath test is administered. *See People v. Drumm*, 122 Misc.2d 1051, 472 N.Y. S.2d 989 (1984) (that intoxilyzer working properly may be inferred from check of standard alcohol solution immediately after test of suspect). Here, the arresting officer testified that the simulator solution test was successfully performed and the results were within the requisite error limits.

In *State v. Bush*, 595 S.W.2d 386 (Mo.App.1980), the Missouri Court of Appeals addressed issues similar to those here in connection with a prosecution for driving while intoxicated. It ruled that introduction of a checklist approved by the Missouri Division of Health for blood alcohol testing and testimony that the checklist procedures were followed is a sufficient foundation to allow admission of the test results. Further, the court in *Bush* held that a prima facie case for introduction of the test results is made when a breath testing device is operated by one certified to use it and when the test is administered in accordance with regulations promulgated by the Missouri Division of Health. We agree with the holdings in *Bush*, and, accordingly, hold that the burden is not on the state in a case of this kind to establish by a current inspection and certification that a breath testing device performed accurately. *State v. Bush, supra; see also State Department of Public Safety v. Habisch*, 313 N.W.2d 13 (Minn.1981).

Here, the arresting officer's testimony, coupled with the introduction of the checklist into evidence, provided prima facie evidence that the test was given in compliance with the Health Department's rules and regulations and that the test results were accurate. Although plaintiff could present evidence to negate that prima facie case, it was not necessary for the Division to prove the certification of the police department as a breath-testing facility. *See* § 42–4–1202(6), C.R.S. (1984 Repl. Vol. 17). Since interested parties may request a list of certified facilities from the Department of Health, plaintiff could pursue a challenge to the certification of the police department machine merely by obtaining such a list.

The judgment is reversed and the cause is remanded to the trial court with orders to reinstate the order of the Division revoking Aultman's driver's license.

PIERCE and SMITH, JJ., concur.