Edward E. SWIM, Jr.,
Plaintiff-Appellant,

v.

Alan CHARNES, as Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.

No. 85CA0195.

Colorado Court of Appeals,
Div. III.

Feb. 27, 1986.
Rehearing Denied March 27, 1986.

Harshman, Deister, Larson & McBee, Thomas M. Deister, Douglas E. Larson, Grand Junction, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Edward R. Swim, Jr., appeals a judgment of the district court affirming an order of the Motor Vehicle Division of the Department of Revenue (Department) revoking his driver's license. We reverse.

Plaintiff was stopped by a member of the Grand Junction police force for an alleged speeding violation. The police officer requested that plaintiff submit to an alcohol breath test. He voluntarily submitted to the test, which was administered by the officer who stopped him.

The test resulted in a reading of 0.165 grams of alcohol per 210 liters of breath. A separate breath sample was preserved and tested at an independent laboratory. The independent test revealed a reading of 0.139 grams of alcohol per 210 liters of breath.

A license revocation hearing was convened pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). At the hearing, the officer who conducted the breath test admitted that, contrary to the pertinent rules of the Colorado Department of Health, he had not been recertified to operate the testing machinery for approximately eighteen months. However, the officer claimed that he was automatically recertified because of his use of the intoxilyzer.

At the close of the hearing, plaintiff's Colorado driving privileges were revoked for a period of one year. Plaintiff sought judicial review of the revocation, and the district court ruled that the police officer was automatically recertified and that the

hearing officer could choose between the two test results.

Plaintiff's license was revoked pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). This section provides that the driver's license of any person who drives a vehicle in this state when the amount of alcohol in his breath is 0.15 or more grams per 210 liters of breath shall be revoked. Further, it states that the alcohol content is to be shown by chemical analysis of breath as required by § 42–4–1202(3), C.R.S. (1984 Repl.Vol. 17). Section 42–4–1202(3)(a)(IV)(b), C.R.S. (1984 Repl.Vol. 17) provides that tests to determine the alcohol content of blood or breath must be conducted in accordance with the rules and regulations prescribed by the state board of health.

Colorado Department of Health Rule I.A(2)(a), 5 Code Colo.Reg. 1005–2, requires that all "[b]reath samples [be] collected by certified operators only." Additionally, board of health regulations require that test operators be recertified semiannually. Colorado Department of Health Rule IV.A, 5 Code Colo.Reg. 1005–2. *See Aultman v. Motor Vehicle Division,* 706 P.2d 5 (Colo. App.1985).

It is undisputed that the officer who conducted the test in question had not been recertified pursuant to the rules of the board of health. Because the test did not conform to the requirements of § 42–4–1202, it cannot be said that the test showed plaintiff to be in violation of § 42–2–122.1. Therefore, the test results obtained in this case cannot be used as a basis for revoking plaintiff's license.

The Department argues that because the officer had operated the testing machine a number of times during the eighteen-month period, he was automatically recertified. This argument is without merit. The rules do not provide for automatic recertification. If a law enforcement agency as a certified facility wishes to certify or recertify its own personnel, it must follow the requirements of 5 Code Colo.Reg. 1005–2. This may be done by certifying an operator instructor pursuant to Colorado Department of Health Rule IV(B), 5 Code Colo.Reg. 1005–2.

Because we agree with plaintiff's contention that the test relied upon by the Department was improperly admitted, we do not address the other issues raised on this appeal.

The judgment is reversed and the cause is remanded to the district court with directions to order the plaintiff's license be reinstated by the Department.

SMITH and METZGER, JJ., concur.