The PEOPLE of the State of Colorado, Petitioner,

v.

Margaret O'Neil BOWERS, Respondent.

No. 84SC146.

Supreme Court of Colorado, En Banc.

April 7, 1986.

Stuart A. VanMeveren, Dist. Atty., Laurie Rottersman, Deputy Dist. Atty., Loveland, for petitioner.

David F. Vela, Public Defender, Lee A. Medina, Deputy Public Defender, Fort Collins, for respondent.

QUINN, Chief Justice.

We granted the People's petition for a writ of certiorari to review an order of the District Court of Larimer County, which affirmed an order of the county court suppressing evidence of a breath test administered to the defendant, Margaret O'Neil Bowers, in connection with her arrest for driving under the influence of intoxicating liquor. The county court suppressed the results of the breath test because the test was not administered in strict compliance with the rule prescribed by the State Board

of Health, which requires a twenty minute observation period prior to the chemical testing of a driver's breath for alcohol content. We hold that the results of chemical testing of a driver's breath for alcohol content may be admitted into evidence so long as the proponent of such evidence presents foundational evidence adequate to satisfy the trial court that, notwithstanding technical noncompliance with a State Board of Health rule, the testing method, procedures, and results were sufficiently valid and reliable to be admitted. We accordingly reverse and remand the case to the district court with directions to return the case to the county court for further proceedings.

## I.

On October 14, 1983, at approximately 10:40 p.m., the defendant was arrested for driving under the influence of intoxicating liquor in violation of section 42–4–1202, 17 C.R.S. (1984). She was taken to the Fort Collins Police Department where she submitted to a chemical test of her breath by intoxilyzer at approximately 10:59 p.m. The breath test indicated that there were .352 grams of alcohol per 210 liters of her breath, far above the statutory presumption of intoxication of .10 grams per 210 liters of breath set forth in section 42–4–1202(2)(c), 17 C.R.S. (1984). After the defendant was charged with driving under the influence of intoxicating liquor, she filed a motion to suppress the results of the breath test on the ground that she had not been under continuous observation for twenty minutes prior to the administration of the breath test, as required by Board of Health Rule I.A.2.a, 5 C.C.R. 1005–2 (1982). At the suppression hearing, the prosecution and the defense stipulated that nineteen minutes had elapsed between the defendant's arrest and the administration of the breath test.

The county court granted the defendant's motion to suppress, holding that section 42–4–1202(3)(b) prohibited the admission of the breath test results when, as here, the testing itself did not strictly comply with the rules and regulations of the Board of Health, including the twenty minute observation period. The People, pursuant to Crim.P. 41.2, appealed to the district court, which affirmed the suppression ruling of the county court. We thereafter granted certiorari to review the decision of the district court.

The People argue that it was improper for the county court to suppress the results of the chemical test in this case because section 42–4–1202(3)(b) does not specifically prohibit the admission of the results of breath tests not performed in strict compliance with the rules and regulations of the Colorado Board of Health. We agree with the People's argument.

## II.

Colorado's "express consent" statute states that any person who drives any motor vehicle upon the highways of the state, if arrested for driving while under the influence of or impaired by intoxicating liquor, shall be deemed to have consented to a chemical test of his or her breath or blood for the purpose of determining its alcoholic content. § 42–4–1202(3)(a)(I) and (II), 17 C.R.S. (1984). Pursuant to section 42–4–1202(3)(b), 17 C.R.S. (1984), the test is to be administered at the direction of the arresting officer and, as pertinent here, "in accordance with rules and regulations prescribed by the state board of health, with utmost respect for the constitutional rights, dignity of person, and health of the person being tested." The Board of Health, pursuant to section 42–4–1202(3)(b), adopted Rule I.A.2.a., 5 C.C.R. 1005–2, which was in effect on the date of the offense in question and provided as follows:

Breath samples shall be collected by certified operators only and shall be expired breath which is essentially alveolar in composition. *Breath samples shall be collected only after the subject has been under continuous observation for at least twenty (20) minutes prior to collection.* During this time the subject must not belch, regurgitate, or take any

foreign substance by nose or mouth. If such occurs another twenty (20) minutes must elapse prior to collection.

(emphasis added). As an adjunct to these chemical testing provisions, section 42-4-1202(2), 17 C.R.S. (1984), establishes a series of evidentiary presumptions of intoxication or impairment based on "the amount of alcohol in the defendant's ... breath at the time of the commission of the alleged offense or within a reasonable time thereafter, as shown by chemical analysis of the defendant's ... breath." Thus, if there is "0.10 or more grams of alcohol per two hundred ten liters of breath as shown by chemical analysis of such person's breath, it shall be presumed that the defendant was under the influence of alcohol." § 42-4-1202(2)(c), 17 C.R.S. (1984).

### III.

■ As a threshold matter, we point out that suppression of evidence is a drastic remedy and is generally confined to violations of constitutional rights. *E.g. People v. Thiret*, 685 P.2d 193, 200 (Colo.1984); *People v. Hamilton*, 666 P.2d 152, 156 (Colo.1983). Neither the constitutional prohibition against unlawful searches and seizures nor the constitutional privilege against self-incrimination prevents a police officer from requiring the driver of a motor vehicle to submit to a chemical test of breath or blood when the driver has been validly arrested for drunk driving. *People v. Duemig*, 620 P.2d 240, 243 (Colo.1980), *cert. denied*, 451 U.S. 971, 101 S.Ct. 2048, 68 L.Ed.2d 350 (1981). Nor, as we discuss in Part IV., does section 42-4-1202(3)(b), 17 C.R.S. (1984), expressly prohibit the admission of the results of chemical testing merely because the testing itself might not have been administered in strict compliance with the rules and regulations of the Board of Health. The appropriate issue before the county court, therefore, was one of evidentiary admissibility and not constitutional suppression.

Factors bearing on admissibility of any particular item of evidence "can best be evaluated in the evidentiary state of the record at trial rather than in the artificial atmosphere of a pretrial motion." *Higgs v. District Court*, 713 P.2d 840, 859 (Colo. 1985). It is only in the exceptional case that a county court should have reason to conduct a pretrial hearing on the evidentiary, as opposed to constitutional, admissibility of a chemical test of a defendant's breath or blood in connection with a prosecution for driving while under the influence of or impaired by intoxicating liquor. Furthermore, since issues of evidentiary admissibility are not constitutional in character, rulings on such issues are not within the scope of Crim.P. 41.2, which authorizes prosecutorial appeals of suppression rulings to the district court. *See, e.g., People v. Lindsey*, 660 P.2d 502, 504-505 (Colo. 1983); *People v. Fish*, 660 P.2d 505, 510 (Colo.1983). Having disposed of these preliminary considerations, we now turn to the merits of the People's claim.

### IV.

■ Breath tests to determine the concentration of alcohol in a suspect's breath have long been recognized as valid scientific evidence. *E.g., Wester v. State*, 528 P.2d 1179 (Alaska 1974), *cert. denied*, 423 U.S. 836, 96 S.Ct. 60, 46 L.Ed.2d 54 (1975); *People v. Adams*, 59 Cal.App.3d 559, 131 Cal.Rptr. 190 (1976); *People v. Gower*, 42 N.Y.2d 117, 366 N.E.2d 69, 397 N.Y.S.2d 368 (1977); *Murray City v. Hall*, 663 P.2d 1314 (Utah 1983). The traditional requirements for admitting the results of an intoxilyzer or other form of breath test are the same as those required for other forms of scientific testing. The proponent of the evidence must lay a proper foundation showing that the testing method is reliable, that the testing equipment was in proper working order when the test was administered, and that the equipment was properly operated by a qualified person. *E.g., Adams*, 59 Cal.App.3d 559, 131 Cal.Rptr. 190; *State v. Bender*, 382 So.2d 697 (Fla.1980); *State v. Liuafi*, 1 Hawaii App. 625, 623 P.2d 1271 (1981); *People v. Jones*, 118 Misc.2d 687, 461 N.Y.S.2d 962 (1983); *State v. McClary*, 59 Or.App. 553, 651 P.2d 145 (1982).

Legislation has been enacted by various states expressly addressing the matter of chemical testing in alcohol-related traffic offenses. Many states follow the lead of the Uniform Vehicle Code, § 11–9092(c) (1968), and expressly condition the validity, and hence admissibility, of the test results on compliance with state department of health regulations. *E.g.*, Ark.Stat.Ann. § 75–1045(c)(1) (1985); Conn.Gen.Stat. § 14–227a(c) (1985); Fla.Stat.Ann. § 316.-1934(3) (West 1986); Ga.Code Ann. § 40–6–392 (1985); Ind.Code § 9–11–4–5.(d) (1985 Supp.); Ill.Rev.Stat. ch. 95½, § 11–501.2 (1985); La.Rev.Stat.Ann. § 32:662 (West 1986 Supp.); Miss.Code Ann. § 63–11–19 (1985 Cum.Supp.); Neb.Rev.Stat. § 39–669.11 (Reissue 1984); N.H.Rev.Stat.Ann. § 265:85(IV) (1985 Cum.Supp.); N.J.Stat. Ann. § 39:4–50.3 (West 1973). Other states have enacted legislation requiring that the test be administered in accordance with Board of Health regulations, but have not expressly conditioned the validity or admissibility of the test results on compliance with those regulations.[1] *E.g.*, Cal. Health and Safety Code § 436.52 (West 1986 Cum.Supp.); Del.Code Ann. tit. 21, § 2750 (1984 Cum.Supp.); Hawaii Rev.Stat. § 321–161 (1976); Idaho Code § 18–8004(4) (1985 Cum.Supp.); Iowa Code § 321B.15 (1985); Ohio Rev.Code Ann. § 4511.19 (1985 Supp.); N.Y. Vehicle and Traffic Law § 1194.9 (1986).

■ Section 42–4–1202(3)(b), 17 C.R.S. (1984), clearly places Colorado in this latter category of states. There is no language in the statute that expressly conditions the admissibility of breath or blood testing on compliance with the Board of Health rule. Moreover, the purpose of section 42–4–1202(3)(b) is to delegate authority to the State Board of Health to prescribe scientifically valid procedures for chemical testing that will not only ensure safety in the

testing process but, as important here, will provide sufficient reliability to the testing method as to avoid the necessity of formal evidentiary proof on this aspect of the testing process. That providing reliability to the testing method is the purpose of section 42–4–1202(3)(b) becomes evident from section 42–4–1202(6), 17 C.R.S. (1984), which states that in any judicial proceeding concerning an alcohol-related offense the court shall "take judicial notice of methods of testing a person's alcohol ... and of the design and operation of devices, as certified by the department of health, for testing a person's ... breath ... to determine the alcohol ... level." The legislature obviously believed that the testing methods prescribed in the rules of the Board of Health would be reasonably reliable, thus justifying the court in taking judicial notice of the testing method and thereby dispensing with the requirement of formal proof on that matter. *See* CRE 201. Board of Health Rule I.A.2.a., the twenty-minute rule, helps to provide reliability to the breath test by making certain that prior to the administration of the test the suspect does not regurgitate or ingest any substance that could distort the testing results. *See, e.g.*, *Bales v. State*, 674 P.2d 578 (Okla.Crim.App.1984); *State v. Baker*, 56 Wash.2d 846, 355 P.2d 806 (1960); 1 R. Erwin, *Defense of Drunk Driving Cases* § 18.03[1] (3d ed. 1986).

Although section 42–4–1202(6) authorizes a trial court to take judicial notice of the rules of the Board of Health with respect to the testing methods for measuring the alcohol content of a person's breath, the proponent of the test results must still present foundation evidence establishing "that the testing devices used were in proper working order and that such testing devices were properly operated." § 42–4–1202(6), 17 C.R.S. (1984). The operative

---

**1.** Some courts in jurisdictions in this latter category have held test results inadmissible under this type of legislation in the absence of strict compliance with the regulation. *E.g., State v. Droste,* 232 N.W.2d 483 (Iowa 1975); *State v. Griggy,* 1 Ohio Misc.2d 16, 440 N.E.2d 74 (1982). Others, however, have held that technical or minor noncompliance with health regulations goes to the weight of the evidence rather than to its admissibility. *E.g., People v. Adams,* 59 Cal. App.3d 559, 131 Cal.Rptr. 190 (1976); *State v. Van Wie,* 118 N.H. 31, 382 A.2d 372 (1978); *People v. Jones,* 118 Misc.2d 687, 461 N.Y.S.2d 962 (1983).

effect of the statutory scheme, therefore, is to render breath test results admissible when the test is administered in compliance with the judicially noticed rules of the Board of Health and when the proponent of the evidence shows that the testing devices were in proper working order and were properly operated by a qualified person.

The legislative decision to provide for the admissibility of breath test results by resort to judicial notice of the rules of the State Board of Health, however, does not translate into an intent to prohibit the admission of evidence relating to chemical testing when the testing is not conducted in strict compliance with those rules. Section 42–4–1202(2)(d), 17 C.R.S. (1984), expressly provides that the statutory presumptions relating to intoxication or impairment "shall not be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor or whether or not his ability to operate a vehicle was impaired by the consumption of alcohol." These provisions are totally inconsistent with the notion that the legislature intended to prohibit the admission of the results of chemical testing in a drunk driving prosecution unless the testing itself was conducted in strict compliance with the rules and regulations of the State Board of Health.

We conclude, therefore, that even though chemical testing of a driver's breath has not been conducted in strict compliance with a Board of Health rule, the test results may nonetheless be admitted if the trial court is satisfied that the proponent of such evidence has adequately established that the breath test actually administered was scientifically valid and reliable and was conducted by a qualified person using properly working testing devices. *See, e.g., Adams,* 59 Cal.App.3d 559, 131 Cal.Rptr. 190; *Jones,* 118 Misc.2d 687, 461 N.Y.S.2d 962; *McClary,* 59 Or.App. 553, 651 P.2d 145. Under our holding here, it will be incumbent on the trial court to determine, as a preliminary question of admissibility under CRE 104, whether the extent of noncompli-

ance with a Board of Health rule has so impaired the validity and reliability of the testing method and the test results as to render the evidence inadmissible. If the trial court rules the chemical testing evidence admissible, then the opponent of such evidence may show, as a matter affecting weight, that the normal testing procedures promulgated by the Board of Health were not followed.

The county court in this case erred when it adopted a per se rule of suppression based solely on the technical noncompliance with Board of Health Rule I.A.2.a., as did the district court when it affirmed the suppression order of the county court. We accordingly reverse the judgment of the district court and remand the case to that court with directions to return the case to the county court for a determination of the admissibility of the breath test results in accordance with the views herein expressed.