**Susan M. HARVEY, Plaintiff-Appellant,**

v.

**Alan N. CHARNES, Executive Director of the Department of Revenue and Motor Vehicle Division of the State of Colorado, Defendant-Appellee.**

**No. 84CA1442.**

Colorado Court of Appeals,
Div. III.

July 31, 1986.

Rehearing Denied Sept. 4, 1986.

Certiorari Granted (Harvey)
Nov. 17, 1986.

Jeffrey A. Springer, P.C., Jeffrey A. Springer, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

The plaintiff, Susan Marie Harvey, appeals from the judgment of the district court affirming the order of the Department of Revenue revoking her driver's license for driving while under the influence of intoxicating liquor. She contends that the district court erred in failing to set aside the revocation because there was no evidence of the blood alcohol content of the plaintiff at the time of the commission of the offense. Further, she contends that, even if it is assumed that evidence of blood

alcohol content within an hour of the offense provides a proper foundation for revocation, there was insufficient evidence of an excessive blood alcohol level during this requisite period. We affirm.

 The plaintiff's first argument is grounded on the proposition that § 42–2–122.1(8)(c), C.R.S. (1984 Repl.Vol. 17) fixes the time for determination of the offender's blood alcohol content as the time of the commission of the alleged offense. Accordingly, she asserts that evidence of blood alcohol content within one hour after the offense, as provided in § 42–2–122.-1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17) is not sufficient to sustain the burden of proof. We reject this argument.

The two provisions of the statute are not inconsistent simply because one section does not include the language "within one hour" after the commission of the alleged offense. The standard for revocation is explicitly set forth in § 42–2–122.1(1)(a)(I), and requires the Department to revoke the driver's license if it determines that the person drove a vehicle with a blood alcohol level in excess of the statutory amount within one hour after the commission of the alleged offense. The statutory scheme makes clear the legislative intent to establish this standard for revocation. *See, e.g.,* § 42–2–122.1(1)(b) and (3)(a), C.R.S. (1984 Repl.Vol. 17). It is not necessary that this standard be set forth in every statutory section in order to authorize the inference that, if the driver's blood alcohol level exceeded the statutory limit an hour after the offense, it also exceeded the limit at the time of the offense.

 In her second argument, the plaintiff asserts that the evidence was insufficient to establish that her blood alcohol level exceeded the statutory amount because the hearing officer improperly applied a "presumption of regularity" to the breath test conducted by the officer. The record indicates the breath test was conducted in accordance with the requirements of *Aultman v. Motor Vehicle Division,* 706 P.2d 5 (Colo.App.1985), which was decided after the hearing in this case. Fur-

ther, the officer testified that the plaintiff was stopped for driving in an erratic manner, had the odor of alcohol on her breath, occasionally slurred her speech, and was unable to perform physical maneuvers satisfactorily. *See Schocke v. State of Colorado,* 719 P.2d 361 (Colo.App.1986). Thus, there was evidentiary support for the critical finding underlying the license revocation.

We agree that it was improper for the hearing officer to measure the reliability of the officer's test results by a "20% rule," which rule was based on evidence outside the record. However, it was unnecessary to bolster the results in this manner. Since the test results were obtained in compliance with *Aultman, supra,* the error was harmless.

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.