James Benjamin McCLELLAN, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION; Alan Charnes, the executive director thereof, and Jeff Visconti, a hearing officer thereof, Defendants-Appellees.

No. 85CA0428.

Colorado Court of Appeals, Div. III.

Nov. 6, 1986.

Rehearing Denied Dec. 11, 1986.

French & Stone, P.C., David M. Haynes, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, James Benjamin McClellan, appeals the judgment of the district court affirming an order of the Motor Vehicle Division of the Department of Revenue (Department) revoking his driver's license. We affirm.

Plaintiff was stopped by a member of the Boulder County Sheriff's Department after he was observed weaving into the oncoming lane. The officer administered a roadside sobriety test, and arrested plaintiff for driving under the influence.

An intoxilyzer test of plaintiff's breath showed a concentration of 0.189 grams of alcohol per 210 liters of breath. After a hearing was conducted pursuant to § 42-2-122.1, C.R.S. (1984 Repl.Vol. 17), plaintiff's driver's license was revoked. The hearing officer found that the intoxilyzer test had been properly administered and that plaintiff's blood alcohol level exceeded 0.15. Upon review of the revocation order, the district court affirmed.

## I.

Plaintiff first contends that because the hearing was not held at a district office of the Division of Motor Vehicles, the revocation order is void. This contention is without merit.

Section 42-2-122.1(8)(a), C.R.S. (1984 Repl.Vol. 17) provides that "the hearing shall be held in the district office nearest to where the arrest occurred, unless the parties agree to a different location." Plaintiff's hearing was held in Boulder, which he alleges is not a district office.

■ The location for the conduct of a hearing is a matter of venue and is not jurisdictional. *See Gibson v. Department of Revenue*, 39 Colo.App. 300, 566 P.2d 1086 (1977); *see also Slinkard v. Jordan*, 131 Colo. 144, 279 P.2d 1054 (1955); *People ex rel. Bear Creek Development Corp. v. District Court*, 78 Colo. 526, 242 P. 997 (1925). Moreover, the Department's act in ordering plaintiff to appear at the district office in Boulder was an assertion by it that the office in question was a properly constituted district office. *See Gibson v. Department of Revenue, supra.* Furthermore, the hearing officer expressly found that the Boulder location was a district office. We also note that at the time of the hearing plaintiff was a resident of Lyons, and that he was arrested in Boulder County by Boulder County authorities. *See* § 42-2-122.1(8)(a), C.R.S. (1984 Repl. Vol. 17); *see also* § 24-4-105(2), C.R.S. (1982 Repl. Vol. 10) (in fixing place of hearing, due regard shall be had for convenience and necessity of parties). Based on these considerations, we conclude that venue was proper in Boulder.

## II.

Plaintiff next contends that he did not receive a fair and impartial hearing before an unbiased officer, and that the trial court improperly denied him discovery concerning such bias. We disagree.

■ Plaintiff's case for bias is predicated solely upon plaintiff's counsel's affidavit alleging that the hearing officer made a statement indicating prejudgment of certain witnesses' credibility at a separate hearing nine days before plaintiff's hearing. However, he did not raise this issue at hearing by a motion to disqualify the hearing officer accompanied by a timely affidavit of personal bias, as required by § 24-4-105(3), C.R.S. (1982 Repl.Vol. 10). *See Peoples Natural Gas Division v. Public Utilities Commission*, 626 P.2d 159 (Colo.1981). Consequently, because plaintiff failed to raise the issue of bias in a timely and proper manner, he has waived the objection. *See Geriatrics, Inc. v. Department of Health*, 650 P.2d 1288 (Colo. App.1982), *rev'd on other grounds*, 699 P.2d 952 (Colo.1985).

■ Plaintiff also contends that the hearing officer lacked objectivity. Administrative proceedings are vested with a presumption of propriety and fairness. *Saint Luke's Hospital v. Colorado Civil Rights Commission*, 702 P.2d 758 (Colo.App.1985). Having reviewed the record, we conclude that this allegation lacks merit.

For these reasons, the district court properly denied plaintiff's post-hearing discovery requests. *See Peoples Natural Gas Division v. Public Utilities Commission, supra.*

## III.

Plaintiff also asserts that documents pertaining to his arrest were improperly verified and inaccurate and were thus erroneously admitted into evidence. We disagree.

Section 42-2-122.1(2)(a), C.R.S. (1984 Repl.Vol. 17) states that the arresting offi-

cer "shall forward to the department a verified report of all information relevant to the enforcement action." The arresting officer tendered documents consisting of the revocation notice, copies of the intoxilyzer test record and procedure sheet, computer printouts of plaintiff's arrest and case reports, and copies of plaintiff's vehicle impound report and summons. The officer attested to their veracity, and they were admitted into evidence.

The record shows that the documents were properly verified. An attestation to the accuracy of the reports was signed by the officer and notarized. He then identified the documents under oath at the hearing, and testified that they were correct. *See* CRE 901(b)(1); CRE 1005. Plaintiff does not suggest what further verification was required.

Plaintiff also argues that the report was inaccurate and incomplete because it did not include an evidence report reflecting preservation of a separate breath sample for independent testing. However, the statute requires only *relevant* information to be submitted. The evidence report would not affect determination of the sole issue of blood alcohol content under § 42–2–122.1(8)(c), C.R.S. (1984 Repl.Vol. 17), and thus, it was not relevant to the matters at issue in the revocation hearing.

Although plaintiff claims that the report was relevant to whether the sample had been tampered with, because this issue is raised for the first time on appeal, we do not consider it. *See Crocker v. Department of Revenue*, 652 P.2d 1067 (Colo. 1982).

### IV.

Plaintiff next contends that results of the intoxilyzer test should not have been admitted into evidence because no proper foundation for their admission existed. This contention is without merit.

Plaintiff claims that there was no showing of certification of either the test facility, the intoxilyzer machine, or the reference sample. Such showings were unnecessary.

The arresting officer testified that he administered a breath test on the intoxilyzer machine at the county jail, that he was a certified intoxilyzer operator, that the machine was in working order, and that he followed proper procedure according to the intoxilyzer checklist. No further foundation was necessary. *See Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo. 1986); *Aultman v. Motor Vehicle Division*, 706 P.2d 5 (Colo.App.1985); *see also People v. Bowers*, 716 P.2d 471 (Colo.1986).

Plaintiff's argument that the test was not conducted in compliance with State Board of Health Rules and Regulations because the arresting officer did not continuously observe him for 20 minutes is also meritless. The officer testified that he observed plaintiff for the required 20 minutes; the regulation did not require him to stare fixedly at plaintiff the entire time. Compliance with the regulation is a question of fact to be decided under the circumstances of the case, and here, the officer's testimony made a *prima facie* showing of compliance. *See Glasmann v. Department of Revenue*, 719 P.2d 1096 (Colo.App. 1986); *People v. Bowers, supra.*

### V.

Plaintiff further contends that the statute, § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17), creates an unconstitutional irrebuttable presumption concerning blood alcohol content, and that the statute violates equal protection and due process. Because this court does not have jurisdiction to determine the constitutionality of statutes, we decline to address this question. *See* § 13–4–102(1)(b), C.R.S.; *People v. Salazar*, 715 P.2d 1265 (Colo.App.1985) (*cert. granted*, March 10, 1986).

As to the matters for which we have jurisdiction, the judgment is affirmed.

VAN CISE and METZGER, JJ., concur.