John A. POTIER, Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.

No. 86CA0732.

Colorado Court of Appeals, Div. I.

May 21, 1987.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

The Department of Revenue (Department) appeals the district court's judgment reversing the revocation of John A. Potier's driver's license. We reverse.

After his arrest for driving under the influence of intoxicating liquor, Potier agreed to submit to an intoxilyzer test. Test results showed 0.184 grams of alcohol per 210 liters of breath. At Potier's license revocation hearing, the hearing officer admitted the arresting officer's report, which included the intoxilyzer operational checklist and the test results. Potier objected to the test results because the arresting officer who observed Potier for 20 minutes immediately before the test was not a certified intoxilyzer operator. The hearing officer ruled that a certified operator need not conduct the observation, and revoked Potier's license for one year.

The district court reversed and ordered Potier's license reinstated, holding that the subject must be observed by a certified operator for the test results to be admissible.

The Department contends that the test results were admissible even though Potier was not observed by a certified operator. We agree.

■ A prima facie case for introduction of intoxilyzer test results in a driver's license revocation hearing is made when evidence is introduced that the test was performed by a certified operator and that it was administered according to Health Department regulations. *Aultman v. Motor Vehicle Division*, 706 P.2d 5 (Colo.App. 1985). The applicable regulation, Department of Health Rules & Regulations I.A. 2.a., 5 Code Colo. Reg. 1005–2, provides in pertinent part:

"Breath samples shall be collected by certified operators only and shall be expired breath which is essentially alveolar in composition. Breath samples shall be collected only after the subject has been under continuous observation for at least twenty (20) minutes prior to collection."

This continuous observation requirement is to ensure that the subject does not belch, regurgitate, ingest, or inhale anything which could affect the test. *Glasmann v. State*, 719 P.2d 1096 (Colo.App.1986). However, the regulation does not require that a certified intoxilyzer operator conduct the 20–minute observation.

■ Compliance with the regulation is a question of fact. *See McClellan v. State*, 731 P.2d 769 (Colo.App.1986). Here, the officer testified that, although he was not a certified intoxilyzer operator, he observed Potier for the required 20 minutes before a certified operator administered the test. Potier presented no evidence suggesting that the officer failed to detect any improper activity that could have compromised the test's validity. Because the officer's observation of Potier sufficiently satisfied the regulation and established that the test was scientifically valid and reliable, the hearing officer did not err in admitting the test results. *See Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986).

■ An administrative agency's decision may be set aside only if the hearing officer's findings are unsupported by substantial evidence in the whole record. *DeScala v. Motor Vehicle Division*, 667 P.2d 1360 (Colo.1983). Here, substantial evidence supports the findings. Thus, the district court improperly substituted its judgment for that of the hearing officer.

The judgment is reversed and the cause is remanded with directions to reinstate the revocation.

PIERCE and VAN CISE, JJ., concur.