**COLORADO DEPARTMENT OF REVENUE, Alan Charnes, as Director of the Department of Revenue, and R. Pherson, A Hearing Officer of the Department of Revenue, Motor Vehicle Division, Petitioners,**

v.

**James C. McBROOM, Jr., Respondent.**

**No. 86SC416.**

Supreme Court of Colorado, En Banc.

April 25, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for petitioners.

No appearance for respondent.

**1.** Section 42–4–1202(1)(a) provides: "It is a misdemeanor for any person who is under the influence of intoxicating liquor to drive any vehicle in this state." 17 C.R.S. (1984).

**2.** Section 42–4–1202(1.5) provides:

**VOLLACK, Justice.**

We granted the Colorado Department of Revenue's petition for writ of certiorari to review *McBroom v. Colorado Department of Revenue*, No. 85CA0797 (Colo.App. Sept. 4, 1986), in which the court of appeals reversed the district court's affirmance of the Motor Vehicle Division's revocation of McBroom's driver's license. We reverse the court of appeals and hold that the district court correctly upheld the hearing officer's revocation order.

**I.**

In November 1983, Broomfield Department of Public Safety Officer Atencio observed a truck being driven in the early morning hours which made a U-turn and traveled for a short distance without using its headlights. Officer Atencio stopped the truck and spoke with the driver, who was James McBroom (McBroom or the defendant). Because McBroom exhibited watery and bloodshot eyes and slurred speech, the officer administered a roadside sobriety test, which McBroom did not complete successfully.

McBroom was advised of his *Miranda* rights and told that he was suspected of driving under the influence. Officer Atencio administered a breath test to determine McBroom's blood alcohol content (BAC); the test result was a BAC of 0.151. McBroom was charged with driving under the influence, section 42–4–1202(1)(a),[1] and driving with a BAC greater than 0.150, section 42–4–1202(1.5).[2] A second breath sample was preserved for the defendant.

Pursuant to statute, McBroom's driver's license was revoked and he requested a Motor Vehicle Division (MVD) revocation hearing. § 42–2–122.1(4), (7), 17 C.R.S. (1984). Officer Atencio testified at the hearing and submitted a number of documents as evidence. McBroom's attorney testified that his client had provided him

(a) It is a misdemeanor for any person to drive any vehicle in this state when the amount of alcohol in such person's blood is 0.15 or more ... at the time of the commission of the alleged offense, as shown by chemical analysis of such person's blood or breath. 17 C.R.S. (1984).

with the second breath sample, and the attorney had arranged for an independent analysis. The result of the independent test of the second breath sample was a BAC of 0.142.

At the conclusion of the testimony, the hearing officer held that Officer Atencio had established, by a preponderance of the evidence, that he had reasonable grounds to request that McBroom submit to a chemical test. The hearing officer addressed the conflicting BAC test results and held that "the results of the [first] test would give a preponderance of the evidence that Mr. McBroom did have a blood alcohol content of .15 or more." Accordingly, McBroom's license was revoked for one year.

McBroom appealed to the district court. After noting that the evidence was uncontested, the district court held that there was "enough evidence on the record to support the factfinder's decision" and affirmed the revocation order.[3] McBroom appealed to the court of appeals. In an unpublished opinion, the court of appeals reversed, holding: "[T]he state failed to establish that the arresting officer conducting the [breath] test was certified to do so; consequently, the results of that test were not probative of the matter at issue, and the state failed to meet its burden of proof." *McBroom v. Colorado Dep't of Rev.*, No. 85CA0797 (Colo.App. Sept. 4, 1986), slip op. at 2. On this basis, the court of appeals held that the hearing officer erroneously revoked the defendant's license and remanded the case to the district court with instructions to reverse the revocation order.

The Colorado Department of Revenue requested certiorari review of the court of appeals' reversal. We granted certiorari to decide whether the court of appeals correctly ordered reversal of the driver's license revocation order because there was no testimony at the revocation hearing that the testing officer was certified to conduct the breath test. We reverse the court of appeals.

II.

Motor Vehicle Division revocation hearings are governed by statute. Section 42–2–122.1(8) provides:

(c) *The sole issue at the hearing shall be whether by a preponderance of the evidence the person drove a vehicle in this state when the amount of alcohol in such person's blood was 0.150 or more* ... at the time of the commission of the alleged offense, *as shown by chemical analysis of such person's blood or breath....* If the presiding hearing officer finds the affirmative of the issue, the revocation order shall be sustained.

17 C.R.S. (1984) (emphasis added). We have construed section 42–2–122.1 to require that a blood or breath test "be administered in accordance with the health department rules and regulations." *Brewer v. Motor Vehicle Div.*, 720 P.2d 564, 568 (Colo.1986). However, we also held in *Brewer* that "[e]ven if there was a deficiency in the evidence of compliance with board of health regulations, a question we do not decide, the intoxilyzer test results are not automatically inadmissible." *Id.* (emphasis added).[4]

---

**3.** The minute order entered by the district court stated in its entirety:

The evidence in this case is uncontested. Two tests were within the expected deviation range. The court determines that it is up to the factfinder to make the decision based on the evidence presented. Although the court is somewhat bothered by the factfinder's analysis, there is enough evidence on the record to support the factfinder's decision. The factfinder did not aubse [sic] his discretion. Order: Defendant's order of revocation of plaintiff's driving privileges is affirmed.

**4.** The court of appeals addressed an analogous issue in *Aultman v. Motor Vehicle Division,* 706 P.2d 5 (Colo.App.1985). In *Aultman,* it was not established at the revocation hearing that the intoxilyzer at the police department was certified by the Colorado Department of Health. *Id.* at 6. The court of appeals noted that health department rules and regulations "require that both the operator of the breath testing machines and the facility where the machine is located be certified." The court of appeals held that MVD's revocation order was correct because "the arresting officer's testimony, coupled with

We came to the same conclusion in *People v. Bowers*, 716 P.2d 471 (Colo.1986), where we addressed the admissibility of BAC test results as evidence in a criminal trial, rather than in a revocation hearing. In *Bowers*, we first noted that Colorado's legislation requires "that the test be administered in accordance with Board of Health regulations, but [the legislature has] not expressly conditioned the validity or admissibility of the test results on compliance with those regulations." 716 P.2d at 474. We then ruled as follows:

> [E]ven though chemical testing of a driver's breath has not been conducted in strict compliance with a Board of Health rule, the test results may nonetheless be admitted if the trial court is satisfied that the proponent of such evidence has adequately established that the breath test actually administered was scientifically valid and reliable and was conducted by a qualified person using properly working testing devices.

*Id.* at 475.[5]

■ The court of appeals reversed the revocation of McBroom's driver's license based on its holding that because the testing officer did not provide proof of or testify about his certification to conduct a chemical test, "the results of that test were *not probative of the matter at issue*, and the state failed to meet its burden of proof." Slip op. at 2 (emphasis added). The court of appeals cites no authority for this conclusion, and the controlling statute does not specifically require that a testing officer's certification be proven in order to establish a prima facie case or permit the entry of blood test results as evidence.

Based on our holdings in *Brewer* and *Bowers*, we conclude that the court of appeals erred in reversing the revocation order. A chemical analysis is to be administered in accordance with health department rules and regulations. *Brewer*, 720 P.2d at 568. However, we decline to adopt the court of appeals' ruling that if a testing officer does not testify regarding his certification to administer the chemical test, the results are *automatically* "not probative of the matter at issue." Rather, as we stated in *Brewer*, "[e]ven if there was a deficiency in the evidence of compliance with board of health regulations, ... the intoxilyzer test results are not automatically inadmissible." *Id.*

■ At McBroom's revocation hearing, Officer Atencio testified that he was familiar with the intoxilyzer and had taken courses to learn operation of the equipment. He testified that he calibrated the intoxilyzer at the time of McBroom's test, and "in this specific case, the standard results were a .102.... [which] would show that that intoxilyzer was indeed working correctly that night." At the hearing, a copy of the operational check list for the intoxilyzer was admitted into evidence. The check list contains sixteen steps which must be followed in running the BAC test; the sixteen items on the list had been followed by Atencio.

The hearing officer noted possible reasons for the discrepancy in the test results and concluded that ".142 as a second test [result] would not have any [e]ffect or would not discredit the results of the test obtained by the Broomfield Police Department." On this basis, the hearing officer held that a BAC of 0.150 or more had been established by a preponderance of the evidence.

As the district court noted, this ruling is supported by evidence in the record and the hearing officer was the factfinder. The lack of testimony about the specific issue

---

the introduction of the checklist into evidence, provided prima facie evidence that the test was given in compliance with the Health Department's rules and regulations and that the test results were accurate." *Id.* at 7.

5. In *Bowers*, we held that a BAC test result may be admitted in a criminal trial, even if the test was not conducted "in strict compliance with a Board of Health rule," if the trial court is satisfied that certain requirements have been established. 716 P.2d at 475. Because license revocation hearings are civil proceedings and the Criminal Rules of Procedure do not apply, it was not erroneous for the hearing officer to admit and rely upon the first BAC test result if he found it to be scientifically valid and reliable. *See Colorado Dep't of Rev. v. Kirke*, 743 P.2d 16, 20 (Colo.1987).

 

of Officer Atencio's certification does not automatically render the test result void, meaningless, or not probative of the "sole issue," which is whether the defendant was operating a motor vehicle while he had a BAC of 0.150 or more. We reverse the court of appeals and remand with directions to reinstate the revocation order.