Jerry DAWSON, Plaintiff–Appellee,

v.

DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.

No. 86CA1694.

Colorado Court of Appeals, Div. I.

June 16, 1988.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Field, Asst. Atty. Gen., Denver, for defendant-appellant.

TURSI, Judge.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Jerry Dawson. We reverse.

■ Relying on this court's opinion in *Kirke v. Colorado Department of Revenue*, 724 P.2d 77 (Colo.App.1986), the district court reversed the revocation because hearsay evidence alone was used in the revocation hearing to prove that plaintiff was driving. However, our supreme court reversed this court in *Colorado Department of Revenue v. Kirke*, 743 P.2d 16 (Colo.1987), and its ruling is dispositive of the issue raised in this appeal. In its *Kirke* opinion, the supreme court held that a revocation element may properly be established by hearsay evidence alone without violating due process as long as the hearsay evidence is sufficiently reliable and trustwor-thy. We conclude that the hearsay evidence here meets this test.

■ We also note that the district court did not rule on the other four issues raised before it by plaintiff. In an appeal from a judgment of the district court based on its review of the transcript and exhibits presented at an administrative hearing, this court is in as good a position as the district court to review the agency proceeding, and accordingly, we need not remand this case back to that court. *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972); *Empiregas, Inc. v. County Court*, 713 P.2d 937 (Colo.App.1985).

We conclude that *Colorado Department of Revenue v. McBroom*, 753 P.2d 239 (Colo.1988), *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987), and *People v. Bowers*, 716 P.2d 471 (Colo.1986) are dispositive against the plaintiff on the first three remaining issues.

The fourth remaining issue raised in the district court is whether § 42–2–122.1(6)(a), C.R.S. (1984 Repl. Vol. 17) denied plaintiff equal protection. This court does not have jurisdiction to review the constitutionality of a statute. Section 13–4–102(1)(b), C.R.S. (1987 Repl. Vol. 6A). Accordingly, the cause must be remanded for the district court to rule on plaintiff's constitutional challenge to the statute.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.

PIERCE and PLANK, JJ., concur.