James A. DYE, Petitioner–Appellee,

v.

Alan N. CHARNES, or his successor, as Executive Director of the Department of Revenue of the State of Colorado, and Frank A. Mansheim, Jr., or his successor, as Director of the Motor Vehicle Division, Department of Revenue of the State of Colorado, Respondents–Appellants.

No. 86CA1403.

Colorado Court of Appeals, Div. I.

June 30, 1988.

Kent F. Williamson, P.C., Kent F. Williamson, Cortez, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for respondents-appellants.

TURSI, Judge.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of petitioner, James A. Dye. We reverse.

At the revocation hearing, the arresting officer testified that a sample of petitioner's blood was drawn by "one of the nurses" at the hospital. The arresting officer was unable to identify the particular nurse who drew the blood, or to provide any further evidence regarding the nurse's qualifications to draw blood. There is no other evidence in the record regarding the qualifications of the person who drew the blood. The district court ruled that the record does not adequately reflect that the blood was drawn by a qualified person and, therefore, reversed the revocation.

The Department of Revenue contends that the evidence was sufficient to show that petitioner's blood was drawn in compliance with regulatory requirements. We disagree.

Only certain people are authorized to draw blood to determine its alcohol content, including, as relevant here, "a registered nurse" or "a person whose normal duties include withdrawing blood samples under the supervision of a physician or registered nurse." Section 42–4–1202(3)(b), C.R.S. (1984 Repl.Vol. 17); Department of Health Rules and Regulations I.A.1.a., 5 Code Colo.Reg. 1005–2. Here, there is nothing in the record establishing that the nurse met these qualifications.

However, while a chemical analysis of a driver's blood sample is to be administered in accordance with health department rules and regulations, if there is a deficiency in the evidence of compliance with the regulations, the chemical test results are not automatically inadmissible. *Colorado Department of Revenue v. McBroom*, 753 P.2d 239 (Colo.1988). Lack of testimony concerning the nurse's qualifications to draw blood does not automatically render the test result non-probative of whether the petitioner was operating a motor vehicle with a blood alcohol concentration in excess of the statutory limit. *See Colorado Department of Revenue v. McBroom*, *supra*. The hearing officer must determine the admissibility of the chemical test based on whether the extent of noncompliance with the regulations so impaired the validity and reliability of the test method as to render the evidence inadmissible. *People v. Bowers*, 716 P.2d 471 (Colo.1986).

Here, the blood was drawn by a nurse at the hospital. The hearing officer noted that the arresting officer was unable to identify which nurse, but determined the test was admissible because drawing blood was within the duties of the nurses at the hospital. Under such circumstances, the failure to establish whether the nurse who drew petitioner's blood met the criteria in the regulations went to the weight of the evidence and not its admissibility. *People v. Bowers*, *supra*. Consequently, the dis-

trict court erred by reversing the revocation of petitioner's driver's license.

The judgment is reversed and the cause is remanded to the district court with instructions to reinstate the revocation of petitioner's driver's license.

PIERCE and PLANK, JJ., concur.