**John SIDDALL, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

No. 91CA0545.

Colorado Court of Appeals, Div. V.

June 18, 1992.

Rehearing Denied July 16, 1992.

Certiorari Denied Jan. 4, 1993.

Thorburn, Sakol & Throne, Barre M. Sakol, Boulder, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timo-

thy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge ENOCH *.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, John Siddall. We reverse.

Following an administrative hearing stemming from an incident in June 1990, the Department revoked plaintiff's driver's license pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17), for driving with an excessive blood alcohol content (BAC), as shown by the results of a blood test.

■ On review, the district court reversed the revocation, ruling that the blood test results were improperly admitted into evidence at the revocation hearing because there was an insufficient evidentiary foundation for their admissibility. Specifically, the district court ruled that, for admissibility under the applicable 1989 amendments to the express consent statute, a minimum evidentiary foundation concerning the compliance of blood test kits with the applicable regulatory requirements was required to be established by an appropriate certificate of such compliance from the manufacturer or supplier of such kits, and that this statutory foundational requirement was not met in this case.

The Department contends that the district court erred in so ruling, and we agree.

■ Section 42–4–1202(3)(b)(I), C.R.S. (1991 Cum.Supp.), as amended in 1989 and applicable here, provides, in pertinent part, that:

It shall not be a prerequisite to the admissibility of test results at trial that the prosecution present testimony concerning the composition of any kit used to obtain blood, urine, saliva, or breath specimens. A sufficient evidentiary foundation concerning the compliance of such kits with the rules and regulations of the department of health shall be established by the introduction of a copy of the manufacturer's or supplier's certificate of compliance with such rules and regulations if such certificate specifies the contents, sterility, chemical makeup, and amounts of chemicals contained in such kit.

Contrary to the Department's argument, we conclude that the foregoing provisions of the express consent statute are applicable to revocation proceedings under § 42–2–122.1 in which test results are used to establish that a licensee was driving with an excessive BAC, as in this case. *See Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986).

However, contrary to plaintiff's argument and the district court's analysis, in our view the foregoing provisions do *not* establish any specific minimum foundational *requirements* for the admissibility of test results at criminal trials or revocation hearings. Rather, under these provisions, *if* the Department chooses to introduce such a manufacturer's or supplier's certificate of compliance in connection with any test kit used, *then* such a certificate *shall* constitute a sufficient evidentiary foundation concerning the compliance of such a kit with the applicable regulatory requirements.

Based on our review of the record, we agree with plaintiff and the district court that no certificate of the type specified in the foregoing provisions was introduced at the revocation hearing here. However, we also note that the express consent statute also provides, in pertinent part, that:

Strict compliance with such rules and regulations shall not be a prerequisite to the admissibility of test results at trial unless the court finds that the extent of noncompliance with a board of health rule has so impaired the validity and reliability of the testing method and the test results as to render the evidence inadmissible. In all other circumstances, failure to strictly comply with such rules

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

and regulations shall only be considered in the weight to be given to the test results and not to the admissibility of such test results.

Section 42–4–1202(3)(b)(I), C.R.S. (1991 Cum.Supp.).

Thus, notwithstanding the absence of a certain type of manufacturer's or supplier's certificate showing the compliance of the blood test kit used here with the applicable regulatory requirements, the blood test results were not thereby automatically rendered inadmissible at the revocation hearing. Rather, we conclude that any deficiency in the evidence here as to whether the blood test kit was shown to have complied with the applicable regulatory requirements went to the weight to be given the blood test results and not to their admissibility. *See* § 42–4–1202(3)(b)(I); *Dye v. Charnes*, 757 P.2d 1162 (Colo.App.1988); *see also Department of Revenue v. McBroom*, 753 P.2d 239 (Colo.1988).

■ Here, the arresting officer's testimony and written report concerning the incident established that he observed a blood technician he had contacted draw a sample of plaintiff's blood within two hours of the time of driving, using a kit supplied by the technician, and that he then sent the blood sample to a private laboratory for testing. The record also includes evidence showing the qualifications of the technician and the chain of custody concerning the blood sample drawn. Also, it contains the blood test results signed by a representative of the laboratory, by the technician, and by the arresting officer. We conclude that this evidence was sufficient to establish an adequate foundation for the admissibility of the blood test results at the revocation hearing. *See Hancock v. State Department of Revenue*, 758 P.2d 1372 (Colo.1988); *Dye v. Charnes, supra.*

Moreover, the evaluation of the weight to be given to the blood test results was a matter within the fact finding province of the hearing officer, whose decisions in such matters may not be overturned on appeal by a reviewing court. *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). Thus, since the blood test results were properly admitted into evidence at the revocation hearing, the hearing officer's finding that plaintiff drove with an excessive BAC is supported by substantial evidence in the record as a whole, and the district court therefore erred in reversing the revocation.

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the order of revocation.

NEY and RULAND, JJ., concur.