The STATE of Ohio, Appellant,

v.

LAUTZENHEISER, Appellee.

[Cite as *State v. Lautzenheiser* (1991), 77 Ohio App.3d 461.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–90–2.

Decided Sept. 30, 1991.

*Michael W. Kirkendall,* Law Director, for appellant.

*C. Allan Runser,* for appellee.

EVANS, Judge.

This is an appeal from the judgment of the Van Wert Municipal Court granting appellee Clinton Lautzenheiser's motion to dismiss.

Lautzenheiser was stopped in the early morning of November 12, 1989 by Van Wert Police Officer Timothy Blackmore. Blackmore believed Lautzenheiser and the other occupants of the motor vehicle might have been responsible for placing ten to twelve garbage bags of leaves across a residential street. Upon approaching Lautzenheiser, Blackmore detected the odor of alcoholic beverage and noted that by his physical appearance Lautzenheiser appeared to be under the influence.

Following a hearing the trial court granted the motion to dismiss.

It is from this judgment that the state now appeals, asserting the following sole assignment of error:

"The trial court erred in granting the defendants [*sic*] motion to dismiss for lack of probable cause to stop the defendant's car pulling away from an obstruction completely blocking the roadway and the officer reasonably suspects that vehicle to have been involved in placing the obstruction on the roadway."

The record in this case reveals the following:

November 13, 1989: Affidavit filed against the defendant.

November 16, 1989: Counsel entered his appearance; entered a plea of not guilty and arranged for a pre-trial conference to be held on November 30, 1989.

November 30, 1989: Defendant filed a waiver of his speedy trial rights and, at the request of the defendant, the case was continued for a hearing on a motion to dismiss to be held on January 19, 1990.

January 19, 1990: Hearing on motion to dismiss held; written motion to dismiss filed.

February 2, 1990: Judgment entry of dismissal filed.

In the transcript of the hearing held on January 19th there appears the following:

"The Court: 'Mr. Runser has previously requested that there be a motion hearing this morning. The Court is going to require the counsel for the Defendant to stand and orally state the specifics of the motion at this time which needs to be reduced to writing and filed in this Court yet today.

"Mr. Runser: 'Thank you, Your Honor, and I apologize for my oversight. The Defendant moves for dismissal of the charge based upon the lack of probable cause on the part of the arresting officer for this arrest for the initial stop of the vehicle.' "

At the conclusion of the hearing the court made the following statement from the bench:

"Even though the Court is aware of the need to be diligent in checking for persons who are under the influence of alcohol, there's still the requirement that there be a reasonable suspicion, this is *Delaware v. Prouse* [ (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660], that there's been a violation of the law and there's nothing from these circumstances to rise to that level. The Court therefore grants the motion to dismiss."

The written motion filed after the hearing was concluded stated: "Defendant moves the Court for an Order dismissing the charge herein against the Defendant on the grounds that there was no probable cause to stop, detain, and arrest the Defendant."

On February 2, 1990 the court filed a judgment entry which stated the following: "Defendant's motion to dismiss is hereby granted for the reason that the State failed to prove the officer had probable cause for the arrest."

█ Even though the defendant filed a motion designated as a motion to dismiss, in reality the purpose of the motion was to suppress evidence. Since the attack on the case against the defendant focused on either the initial stop or the arrest all evidence acquired after that point would have been unavailable to the prosecutor if the attack proved to be successful. Thus, a successful motion would have resulted in a dismissal of the case by the prosecutor for lack of evidence. Nevertheless, the designation of the motion is not controlling. In *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, the correct analysis is described as follows: "The determination of whether a motion is a 'motion to suppress' or a 'motion in limine' does not depend on what it is labeled. It depends on the type of relief it seeks to obtain. Any other result would improperly elevate form over substance * * *." Since the thrust of the motion in the case at bar was clearly to establish the illegality of the initial stop or the arrest and thereby block the use of all evidence obtained thereafter we are dealing with a motion to suppress no matter what the name.

*State v. Griggy* (1982), 1 Ohio Misc.2d 16, 1 OBR 457, 440 N.E.2d 74, provides as follows in paragraph two of the syllabus:

"Crim.R. 47 and 12 govern a pretrial motion to suppress the evidence. A suppression motion must contain those factual grounds upon which it is predicated along with a memorandum of supporting authorities."

Crim.R. 47, motions, provides as follows:

"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."

The reason for this rule of procedure can be understood when we consider the burden of proof and the burden of going forward with the evidence in a motion to suppress as announced by the Supreme Court in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. The court, at 219, 524 N.E.2d at 892, makes the following observation concerning Crim.R. 47:

"This provision, in the context of the ruling case law and when applied to a motion to suppress evidence obtained by search and seizure, requires that the

prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged."

The court then goes on to hold the following:

"Therefore, we hold that, to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Id.*

The court continues as follows:

"Therefore, we hold that, once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure." *Id.* at 220, 524 N.E.2d at 893.

This is a brief description of the procedure to be followed upon the filing of a motion to suppress. The record in this case, however, discloses a complete disregard for the correct procedure, but because the prosecutor failed to preserve any of the errors apparent on the record by proper objection the errors will be considered waived unless they are recognized under the doctrine of plain error.

The only assignment of error asserted by the state challenges the dismissal by the trial court for lack of probable cause to stop the defendant. The state does not assign error on the ground that the court held the hearing on the motion to dismiss notwithstanding the fact that the defendant had failed to file a written motion stating the grounds for the motion with particularity together with a memorandum of citations of authority as required by Crim.R. 47. In addition the state does not assign as error the only action taken by the trial court on the record, the dismissal of the charge for lack of probable cause to arrest. The only error assigned is error which in fact never occurred because the trial court changed the basis of its ruling of dismissal from lack of reasonable grounds to stop as announced in the courtroom to lack of probable cause to arrest when the judgment of the court was journalized.

■ Crim.R. 52(B), plain error, provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The record does not contain even one objection by the state to any of the proceedings which took place in this case. Thus, this case must be considered on the basis of plain error.

In *State v. Craft* (1977), 52 Ohio App.2d 1, 7, 6 O.O.3d 1, 4, 367 N.E.2d 1221, 1225–1226, the court gave the following definition of "plain error":

"We conclude that plain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects 'the fairness, integrity or public reputation of judicial proceedings.' *United States v. Atkinson* (1936), 297 U.S. 157, at 160 [56 S.Ct. 391, 392, 80 L.Ed. 555]. The interest to be advanced is 'the rule of law.' This is a government of laws and not of men, even judges." See, also, *State v. Eiding* (1978), 57 Ohio App.2d 111, 116–121, 11 O.O.3d 113, 116–119, 385 N.E.2d 1332, 1336–1339 for a discussion of the authority of an appellate court to recognize plain error.

I find the following pertinent statements dealing with plain error in *State v. Long* (1978), 53 Ohio St.2d 91, 94–95, 7 O.O.3d 178, 180, 372 N.E.2d 804, 806–807:

"The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then. As the United States Court of Appeals for the Sixth Circuit has noted, 'The plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice.'" (Citations omitted.)

Even though the power to recognize plain error is to be exercised with caution, I believe the record in this case contains plain error which affects the fairness and integrity of these judicial proceedings. Therefore the errors contained in this record must be recognized in spite of the fact that the prosecuting attorney did not call them to the attention of the trial court by proper objection as they occurred.

■ It should be pointed out that the errors in this case involve not one single event which resulted in prejudice to one of the parties but rather the error to be recognized is the complete departure from acceptable procedure, which casts a cloud on the fairness and integrity of the decision in the case. I find these departures from accepted procedure in the record: The trial court elected to proceed with the hearing on the motion even though the defendant had not complied with the requirements of Crim.R. 47—the oral motion as presented by the defendant in open court was garbled and unclear, involving a combination of two legal theories. As such the motion was completely inadequate to put the prosecutor on notice about the thrust of the motion.

This is clearly demonstrated because the prosecuting attorney focused entirely on the matter of reasonable grounds to stop the defendant. All of the testimony offered by the state went to establishing reasonable grounds to stop. It is also clear that the prosecuting attorney was not the only one in the courtroom who was misled by the defendant's motion. At the conclusion of the hearing the trial court ruled that the state had failed to establish reasonable grounds to stop and dismissed the case for that reason. In addition, the record discloses that the state established, beyond any question, reasonable grounds to stop the defendant. It is not even a close question. Nevertheless, the trial court announced in open court that the case would be dismissed because the state had failed to establish reasonable grounds to stop. However, when the judgment entry was filed several days later, the basis of the dismissal had been changed to a failure to establish probable cause to arrest. There is nothing in the record to explain why the court should change the basis of its ruling from that which was announced in open court to an entirely different holding in the judgment entry. I am also troubled that the prosecutor assigned as error the holding by the court that the state failed to prove reasonable grounds to stop when the actual holding by the court as stated in the journal entry was a failure to establish probable cause to arrest. Additionally, I note that the court failed to comply with Crim.R. 12(E), which requires the court to state its essential findings on the record where factual issues are involved in determining a motion. The entry of dismissal in this case merely states a legal conclusion that the state failed to establish probable cause to arrest without setting forth any findings of fact.

I find this total disregard for the proper procedure to be detrimental to the fairness, integrity and public reputation of these proceedings, which justifies the recognition of plain error, not because one of the parties may have been prejudiced, but in recognition of the rule of law which has been ignored in the trial court.

The prosecutor did not have a fair chance to present his case on the merits. It appears that substantial justice may not have been done. Therefore, it follows that this case as it presently stands represents a miscarriage of justice which should be corrected by the recognition of plain error. The decision of the trial court is reversed, the charge is reinstated and the cause is remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

SHAW, J., concurs in judgment only.

THOMAS F. BRYANT, P.J., dissents.

SHAW, Judge, concurring in judgment only.

For the reasons that follow I concur in the judgment only. There is some confusion in this case apparently generated from the fact that the trial court's decision as announced from the bench immediately following the suppression hearing was based upon a finding that there was insufficient cause to stop the vehicle. On the other hand, the judgment entry ultimately filed by the court (which, of course, prevails over any statement from the bench) dismissed the case for lack of probable cause to make the arrest. As a result, the assignment of error misstates the final ruling of the trial court.

The only testimony in the record concerning the condition of the defendant is the following single statement of the arresting officer:

"At that point I detected a odor of an alcoholic beverage coming from the Defendant, physical appearance also led me to believe that he was under the influence at that time."

The standard for reviewing the issue of probable cause which has been repeatedly used in these cases by this court is set forth in the following language:

" ' * * * The existence of probable cause is determined by factual and practical considerations of everyday life on which reasonable and prudent men act.' *Draper v. United States*, (1959), 358 U.S. 307 [79 S.Ct. 329, 3 L.Ed.2d 327] (1959). In examining these factual and practical considerations the focus is on whether, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed an offense." *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. See *State v. Moore* (Aug. 30, 1989), Crawford App. No. 3-88-4, unreported 1989 WL 100144, citing, *State v. Conover* (1985), 23 Ohio App.3d 161, 23 OBR 403, 492 N.E.2d 464.

Under the *Draper* and *Beck* standards set forth above, the review of circumstances constituting probable cause should always remain a matter of case-by-case analysis. Accordingly, we have always refrained from the adoption of any blanket prerequisites for a determination of probable cause. Obviously there are any number of factors, ranging from the officer's observations of the physical appearance and demeanor of the suspect to the actual performance of various field tests, which could be determinative of the issue.

Although the single statement of the officer regarding the defendant's condition, quoted earlier, may be minimal, there is absolutely nothing in the record purporting to challenge this testimony. Nor is there any indication

that the trial court as trier of fact did not believe this testimony. As a result, the only evidence in the record on the issue indicates the defendant was under the influence immediately prior to his arrest. In my view, this unchallenged fact, combined with the circumstances leading up to the confrontation with the officer, was sufficient probable cause for the arrest and, in effect, renders the trial court's final ruling to the contrary against the weight of the evidence.

For these reasons, I believe the judgment of the trial court must be reversed, the complaint reinstated and the cause remanded for further proceedings.

THOMAS F. BRYANT, Presiding Judge, dissenting.

I agree with both the majority and concurring opinions insofar as they may be understood to adopt the procedural requirements prescribed by the syllabus of *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, governing the order of trial and the burden of proof in proceeding upon motion to suppress evidence claimed to have been obtained by warrantless search and seizure.

"1.  To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.

"2.  Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure."

While the trial court record may seem muddled, nevertheless the trial court and counsel by acquiescence or intention have addressed the required issues on the record and have presented to us the narrow question of the existence of probable cause for appellant's arrest and tests sought to be suppressed, for in this state's appeal no error is assigned to the character of the trial court's proceedings or its final disposition of the case.

I do not dispute the validity or applicability, generally, of the reasoning and authorities advanced in support of the concurring opinion. However, in my view, the concurrence, in reaching its conclusion, has omitted a most necessary consideration, the state's burden to persuade that the proofs brought forth do establish probable cause for appellant's arrest and subsequent testing. The trial court was unpersuaded that probable cause to arrest is shown by a policeman's reported detection of "the odor of an alcoholic

beverage coming from the Defendant" and of some undescribed perception of the defendant's physical appearance.

The record reveals an arrest without warrant and the subsequent testing of defendant's breath or bodily substance.

"Once a warrantless search is established, the burden of persuasion is on the state to show the validity of the search. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 377, 373 N.E.2d 1252, 1255. This flows from the presumption that searches conducted outside the judicial process, without prior approval by judge or magistrate, are '*per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.' *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 454–455 [91 S.Ct. 2022, 2032, 29 L.Ed.2d 564]; *Katz v. United States* (1967), 389 U.S. 347, 357 [88 S.Ct. 507, 514, 19 L.Ed.2d 576]." *Xenia v. Wallace, supra,* 37 Ohio St.3d at 218, 524 N.E.2d at 891–892.

Appellant herein established a warrantless search; therefore, the burden of persuasion was on the state to show the validity of the search. The state failed to meet its burden.

I would overrule the state's assignment of error and affirm the judgment of the Municipal Court of Van Wert.