40

**CITY OF AKRON**

v.

**FAIR.**

Akron Municipal Court,
Summit County.

No. 94 CRB 9008.

Decided Nov. 18, 1994.

*Tracie L. Smith,* for the plaintiff.

*Paul Adamson,* for the defendant.

---

ELINORE MARSH STORMER, Judge.

In the early hours of August 6, 1994, two Akron police officers, assigned to a special detail, were looking for juveniles violating the Akron Curfew Ordinance. The officers were traveling in the Kenmore area in response to complaints concerning juveniles on Kenmore Boulevard after curfew. Officer Leslie observed a car containing three individuals. He believed the three individuals were very young looking and pulled the car over. Defendant, Leonard Fair, who is not a minor, was a passenger in the car. Ultimately, defendant was charged with possession of an open container, possession of marijuana, and possession of drug paraphernalia.

Defendant moved for suppression of all evidence obtained as a result of the stop and a dismissal of all charges for lack of evidence. Essentially, defendant argues that being "young looking" does present a sufficient reason to allow a bona-fide stop. There are no reported cases on this issue in Ohio.

The threshold question is whether the ordinance, considered with the less demanding standard of investigatory stops, interferes with the freedom of movement of a youthful-looking adult. If the constitutional issue is determined in favor of the prosecution, the factual issue this court must decide is whether the officer had a sufficient reasonable and articulable suspicion of criminal activity based upon objective facts to justify the initial investigatory stop.

 According to Officer Leslie's testimony, the initial stop was based on his observation of three individuals who looked as if they were under eighteen years of age, driving in a car at 12:50 a.m. in violation of Akron City Code 139.06. *Terry v. Ohio* (1968), 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889, 905, the seminal case on investigatory stops, requires that an officer's action be justified from inception and be reasonably related in scope to the circumstances that justified the interference in the first place. Since defendant is not a juvenile, the issue of whether the ordinance impinges on the freedom of movement of "youthful-looking" persons over the age of eighteen must be addressed to determine whether the investigatory stop was justified.

There are several extrajurisdictional cases on point. In the leading case, *People v. Smith* (1979), 87 Mich.App. 730, 276 N.W.2d 481, an officer stopped the defendant because he believed he was violating the curfew ordinance. The defendant was nineteen years of age, but was arrested, pursuant to the stop, for carrying a concealed weapon. The court held that a juvenile ordinance was not an unconstitutional interference with the freedom of movement of a youthful-looking adult and the suspected violation of a curfew ordinance was a valid reason for an investigatory stop. *Id.* The court reasoned that the investigatory stop was not a significant intrusion on the rights of the defendant because, at most, the police officer could have asked the defendant his age and, even if no answer was given, he could not arrest the defendant. *Id.; Davis v. Mississippi* (1969), 394 U.S. 721, 727, 89 S.Ct. 1394, 1397, 22 L.Ed.2d 676, 681, fn. 6 (stating, "while the police have the right to request citizens to answer voluntarily questions concerning unsolved crimes they have no right to compel them to answer").

Similarly, in *Brown v. Ashton* (1992), 93 Md.App. 25, 37, 611 A.2d 599, 611, the officer's belief that the defendant "appeared * * * to be under the age of 18" constituted a sufficient basis for detaining her "in order to acquire additional information to confirm or refute" the impression. Notably, the *Ashton* court held that the underlying curfew statute was unconstitutional, but upheld the stop. See, also, *People v. Coleman* (1977), 50 Ill.App.3d 1053, 1057–1058, 7 Ill.Dec. 581, 584–585, 364 N.E.2d 742, 745–746, which held that a youthful appearance provided a reasonable basis for a stop.

This court accepts the reasoning of these cases and finds that stopping a "youthful-looking" adult does not unconstitutionally interfere with the individual's right to freedom of movement.

 This court next considers whether the actions of the officer in this case meet the requisite standard under Ohio law to initiate a stop. In *Terry v. Ohio, supra,* the United States Supreme Court recognized the authority of police officers to make brief investigatory detentions and frisks with less than probable cause. The court stated that in order to justify this type of intrusion, the police

officer must be able to point to specific and articulable facts which, taken together with rational inferences from the facts, reasonably justify the stop. *Id.,* 392 U.S. at 21, 88 S.Ct. at 1879–1880, 20 L.Ed.2d at 905–906.

In *Adams v. Williams* (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, a person approached a police officer who was in a patrol car and informed him that an individual seated in a nearby vehicle was carrying narcotics and had a gun at his waist. The officer approached the vehicle to investigate the informant's report and reached into the car and removed the gun from the defendant's waist. *Id.* at 144, 92 S.Ct. at 1922, 32 L.Ed.2d at 616. Although the officer did not have circumstances satisfying the probable cause requirement, the facts did satisfy the less demanding requirement of reasonable suspicion. *Id.* The Fourth Amendment does not require an officer who lacks the precise level of information necessary for arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. *Id.* Instead, it is good police work to adopt an intermediate response through a brief stop of a suspicious individual to determine identity or to obtain more information.

■ Although the totality of the circumstances must be seen through the "eyes of a reasonable and cautious police officer on the scene, guided by his experience and training," *State v. Bobo* (1988), 37 Ohio St.3d 177, 179, 524 N.E.2d 489, 491–492, the court should not rely on police instinct or intuition but on articulable facts and circumstances evaluated within the matrix of an objective standard of reasonableness. *State v. Freeman* (1980), 64 Ohio St.2d 291, 294, 18 O.O.3d 472, 473–474, 414 N.E.2d 1044, 1046–1047.

In *Richmond Hts. v. Marando* (May 28, 1992), Cuyahoga App. No. 60471, unreported, 1992 WL 114598, the defendant, age twenty-three, moved to have all evidence against him suppressed after a police officer pulled his car over because he was suspicious of a curfew violation. *Id.* The police officer testified that he observed the vehicle for ten seconds before pulling it over. He also indicated that the occupants were youthful looking from their "facial features, hair, coloring, clothing." The court found that under these circumstances, the officer had an "articulable and reasonable suspicion that defendant was violating the curfew." *Id.* at 2.

■ Officer Leslie in the present case testified that he observed the vehicle after the hour of curfew and in an area from where the police had received complaints about curfew violations. The officer also testified that he observed three "young looking persons" in the automobile. Under these circumstances, Officer Leslie had an "articulable and reasonable suspicion" that defendant and the other occupants were violating the curfew law. A "young looking" appearance is probably the only indicator of being too young to be out after curfew and,

**44**

thus, the only grounds for an adult curfew stop. Thus, the court finds that the investigative stop here was reasonable.

Having held that the stop was reasonable, the evidence found as a result of the stop is legitimate. The court denies defendant's motion to suppress evidence. The case shall proceed to trial as originally scheduled.

*So ordered.*