JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals from a judgment of the Common Pleas Court granting the motion to suppress of defendant-appellee Maurice Bland Defendant was indicted for one count of possession of drugs in violation of R.C. 2925.11. After careful review of the record, we affirm the judgment of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On February 20, 2003, two Cleveland Police Officers observed the defendant in a white Cadillac parked partially in a driveway and partially in the street on Parkhill in Cleveland, Ohio. This is a high crime area and the officers were patrolling for drug activity. The officers parked behind defendant's car and activated the overhead lights of their patrol car. Defendant exited his vehicle and the officers ordered him to walk towards them, away from his vehicle. Defendant did not comply with the officers' orders and reached back into his vehicle. The officers, concerned for their safety, drew their weapons and approached the defendant. Defendant then complied with the officers' request and sat in the patrol car.
 {¶ 3} Officer William Mokshefsky, one of the officers that evening, looked inside defendant's car and observed crack cocaine near the driver's console. Officer Mokshefsky testified that defendant stated that he was "just getting high." The officers placed defendant under arrest and he was ultimately charged with one count of possession of drugs.
 {¶ 4} On August 25, 2003, defendant filed a motion to suppress the crack cocaine found in his vehicle, arguing lack of reasonable suspicion for the initial stop and lack of probable cause for the ensuing search of his vehicle.
 {¶ 5} A suppression hearing was held on August 29, 2003. During the hearing, Officer Mokshefsky testified that he stopped defendant because the position of his car, partially in a driveway and in the street, was impeding the flow of traffic on Parkhill. Officer Mokshefsky also testified that defendant did not comply with his orders and made furtive movements in his vehicle that threatened the officers' safety.
 {¶ 6} Defendant, on the other hand, testified that he was in the driveway of a house, with the engine running, waiting for a friend. He testified that he was waiting for a car to pass before backing out of the driveway and into the street. He states that upon pulling into the street, an officer jumped out of his patrol car and told him to exit the vehicle. He states that he only reached back into his car to obtain his identification.
 {¶ 7} On September 5, 2003, the trial court journalized an entry granting defendant's motion to suppress. The matter is now before this Court on the State's appeal from that entry. The State raises one assignment of error for our review, which states:
 {¶ 8} "I. The trial court erred in granting defendant's motion to suppress by limiting the State's ability to present corroborating evidence and by holding that absent a video of the encounter between police and defendant the State failed to prove the legality of the stop by a preponderance of the evidence."
 {¶ 9} In this assignment of error, the State claims that the trial court erred in granting the defendant's motion to suppress for a number of reasons. First, the State argues that it proved by a preponderance of the evidence that the stop and search of the defendant was lawful. Specifically, the State claims that the officers were justified in stopping defendant after he impeded the flow of traffic and that defendant's furtive movements after being ordered to exit his vehicle provided justification to search his vehicle. Defendant maintains that the officers had no reasonable suspicion to make the initial stop, since he did not violate any traffic laws when he pulled out of a driveway into the street. The issue here concerns whether the officers had a reasonable suspicion to stop defendant's vehicle.
 {¶ 10} In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357; Statev. Bryson (2001), 142 Ohio App.3d 397, 401; Cleveland v. Rees
(June 24, 1999), Cuyahoga App. No. 74306; State v. McCulley,
(April 28, 1994), Cuyahoga App. No. 64470. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v. Klein (1991),73 Ohio App.3d 486.
 {¶ 11} Appellate courts should give great deference to the judgment of the trier of fact. Ornelas v. United States (1996),517 U.S. 690; State v. George (1989), 45 Ohio St.3d 325. Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.Klein, supra; State v. Armstrong (1995), 103 Ohio App.3d 416,420; State v. Williams (1993), 86 Ohio App.3d 37, 41. However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard.State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 12} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them, per se, unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347. An investigative stop, or Terry
stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1. Thus, a law enforcement officer may properly stop an automobile under theTerry stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts.Delaware v. Prouse (1979), 440 U.S. 648, 653; State v. Gedeon
(1992), 81 Ohio App.3d 617, 618; State v. Heinrichs (1988),46 Ohio App.3d 63.
 {¶ 13} Here, the testimony at the suppression hearing conflicted as to whether defendant had engaged in a traffic violation that would justify the investigative detention. Officer Mokshefsky says that defendant was impeding the flow of traffic and defendant says he was merely backing out of a driveway. The trial court listened to the witnesses and found both accounts to be credible. Accordingly, the trial court found that the State had not fulfilled its burden of proving by credible probative evidence that it was justified in stopping the defendant.
 {¶ 14} As previously stated, the trier of fact, here, the trial court, is in the best position to resolve questions of fact and evaluate the witness credibility. Ibid. The trial court found that the State did not present credible and probative evidence that defendant was initially stopped for a traffic violation. It follows then that the officers had no reason to question defendant and the search of his vehicle, which resulted in the confiscation of the crack cocaine stemmed from an initial violation of his Fourth Amendment rights. Because this finding is supported by competent and credible evidence in the record and the trial court properly applied this finding to the applicable legal standard, we find that the trial court did not err in granting the defendant's motion to suppress.
 {¶ 15} Next, the State alleges that it was prevented from calling a witness during the suppression hearing. Specifically, the State alleges that the trial court did not allow the prosecutor to call Officer Tewes, who was a corroborating witness to the incident. We disagree. The trial court's comments, made after the State had already rested, were merely statements that any additional witnesses would not have changed his mind that the State had not fulfilled its burden. (Tr. 118). Indeed, a review of the transcript indicates that the trial court did not prevent the State from calling Officer Tewes as a witness. Rather, the prosecutor stated that it was "not necessary" to call any witnesses other than Officer Mokshefsky. (Tr. 59).
 {¶ 16} Finally, the State alleges that the trial court erroneously required videotaped evidence in the suppression hearing. Specifically, the State argues that the trial judge admitted that he was suppressing the evidence because there was not a videotape of the incident.[1] We disagree. A review of the entire transcript demonstrates a legitimate basis for the trial court's decision to suppress the evidence since both the defendant and the police officer had credible accounts of the incident. While the trial court did make some additional comments regarding the value and usefulness of videotape evidence in circumstances such as this, considering the record in its entirety, we cannot say that the trial court created an evidentiary requirement that videotape evidence is necessary in all search and seizure cases.[2]
 {¶ 17} The State's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and McMonagle, J., concur.
[1] "The Prosecutor: Are you saying — because I want to make sure there is a clear record on this, Judge — Did I understand you correctly that it is being suppressed because there is not a videotape?
The Court: Right." (Tr. 113).
[2] "The Court: The law is that you have to show by a preponderance of the evidence certain things, and in close cases like this, where it's one person's word against another, I'm suggesting to you that you could resolve that with a videotape." (Tr. 123).