JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals the trial court's decision granting the motion to suppress of defendants, Michael Hill ("the passenger") and Nicholas Zarnesky ("the driver"). At 1:30 a.m. one April night, the driver was proceeding down Bagley Road in Berea with two passengers: Jesse Fury ("the juvenile") in the front seat and the passenger Hill in the back. At a well-lighted portion of the road, a police officer passed them and recognized the juvenile, whom he knew to be under eighteen-years-old, in the front seat of the car. Because Berea has a city ordinance prohibiting persons under eighteen from being out between the hours of midnight and 5:00 a.m. unless they fall into certain exceptions, the officer decided to follow the car. One of the exceptions to the curfew ordinance is a juvenile accompanied by a parent, guardian, or responsible person age twenty-one or over. The officer knew that the juvenile was either sixteen or seventeen and that the driver was not twenty-one. The officer admitted that he could not identify the passenger in the back seat or determine his age.
 {¶ 2} When the car stopped in the driveway of the juvenile's home, the officer stopped his cruiser on the street at the end of the driveway, blocking the car from leaving. By the time the officer approached the car, the juvenile was standing next to it and the passenger had relocated in the front passenger seat. The officer spoke with the juvenile, determined that he had been drinking alcohol, and arrested him for underage drinking and violating curfew. After placing the juvenile in the back of the cruiser, the officer approached the passenger's side of the car. At that point he learned that the passenger was older than eighteen but younger than twenty-one. The officer noticed the smell of alcohol on the passenger and saw a brown paper bag on the floor of the front seat in front of the passenger. He also noted a strong odor of marijuana coming from the car.
 {¶ 3} At this time, another officer arrived and the first officer moved to the driver's side of the car to speak with the driver. When he asked for permission to search the car, the driver refused. The first officer then requested that an officer from Strongsville bring his police dog to conduct a sniff search of the car.
 {¶ 4} After the dog's reaction indicated that drugs were present on the passenger's side of the car, the police searched the car and found over a pound of marijuana, some of it bagged in smaller quantities, inside the brown paper bag. They arrested both the driver and the passenger for trafficking in drugs, possession of drugs, and contributing to the delinquency of a minor.
 {¶ 5} The prosecutors and defense counsels had numerous pretrials in the case. On August 11th, one of the defendants filed a motion to suppress any evidence obtained as a result of the stop. On September 18th, defense counsel filed a motion for discovery. On October 27th, the case was called for trial and for hearing on the motion to suppress. The other defendant joined in the motion on that day. At the beginning of the suppression hearing, the state made an oral motion to strike the motion to suppress for lack of particularity. The court denied the state's motion and proceeded with the hearing. The only witness at the hearing was the officer who had stopped the car and arrested the defendants, although the prosecutor stated that he had other witnesses available.
 {¶ 6} At the conclusion of the hearing, the court, ruling that the officer lacked probable cause to stop the vehicle, granted the motion to suppress. The state timely appealed with three assignments of error. The first assignment of error is:
"I. The trial court erred in not striking the motion to suppress as it was not plead [sic] with particularity."
 {¶ 7} First, we note that defendant had a limited time frame in which to file his motion.
 {¶ 8} The timing of motions in criminal trials is governed by Crim.R. 12, which states in pertinent part:
"(C) Pretrial motions
Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
* * *
(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.
(D) Motion date
All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven daysbefore trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
(E) Notice by the prosecuting attorney of the intention to useevidence
 (1) At the discretion of the prosecuting attorney. At the arraignment or as soon thereafter as is practicable, the prosecuting attorney may give notice to the defendant of the prosecuting attorney's intention to use specified evidence at trial, in order to afford the defendant an opportunity to raise objections to such evidence prior to trial under division (C)(3) of this rule.
(2) At the request of the defendant. At the arraignment or as soon thereafter as is practicable, the defendant, in order to raise objections prior to trial under division (C)(3) of this rule, may request notice of the prosecuting attorney's intention to use evidence in chief at trial, which evidence the defendant is entitled to discover under Crim. R. 16.
(F) Ruling on motion
* * *
A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined before trial.
* * *
Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
* * *
(H) Effect of failure to raise defenses or objections
Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."
Emphasis added.
 {¶ 9} At the time defendant filed his motion, he had not received discovery from the state. The state did not provide discovery until one hour before the trial/hearing was called.
 {¶ 10} The Second Appellate District has upheld the right of a defendant to file a motion to suppress out of rule where "the defendant's motion to suppress was filed less than seven days before the scheduled trial date," and "it was filed promptly after the State had provided its discovery disclosure." State v. Sargent (Aug. 17, 1994), Clark App. No. 3042, 1994 Ohio App. LEXIS 3666 at *8.
 {¶ 11} A motion to suppress is specifically governed by Crim.R. 16, which states in pertinent part:
"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state withparticularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containingcitations of authority, and may also be supported by an affidavit."
Crim.R. 47, emphasis added.
 {¶ 12} The standard of review for a motion to suppress is as follows:
"In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v.Robinson (1994), 98 Ohio App. 3d 560, 649 N.E.2d 18. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App. 3d 592, 594, 621 N.E.2d 726. An appellate court must independently determine, without deferring to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein (1991), 73 Ohio App. 3d 486, 488,597 N.E.2d 1141." State v. Thompson, 2001 Ohio App. LEXIS 3356 (July 27, 2001), Trumbull App. No. 2000-T-0096, unreported, 2001 WL 848566, at 2."
State v. Dwyer, Lake App. No. 2001-L-075, 2002-Ohio-710, 2002 Ohio App. LEXIS 774, at *6-7.
 {¶ 13} The state argues that the court erred by refusing to strike the motion to suppress for lack of particularity. It argues that defendant's motion failed both to state with particularity what evidence defendant wanted to be suppressed and to cite a legal basis to support its motion. The state cites to Xenia v. Wallace (1988), 37 Ohio St.3d 216, in which the Ohio Supreme Court ruled that "[t]he prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." Id. at 218. See, also,State v. Schindler (1994), 70 Ohio St.3d 54, syllabus ("[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided.")
Defendant's entire motion consisted of the following:
 {¶ 14} "Now comes the Defendant, MICHAEL PATRICK HILL, by and through his undersigned counsel of record, and hereby moves this Honorable Court to Suppress any and all evidence as fruit of the poisonous tree from the illegal stop and detention of Defendant Michael Patrick Hill. Defendant requests that hearing on this motion be set forthwith accordingly."
 {¶ 15} Rather than file a written motion to strike the motion to suppress, the state waited two-and-a-half months to raise it orally on the first day of trial. This delay deprived defendant of any opportunity to correct the alleged omissions in the motion. Clearly defendant could not have indicated what of the state's evidence should be suppressed when the state had failed to inform him until one hour before trial just what the evidence was.
 {¶ 16} State v. Lautzenheiser (1991), 77 Ohio App.3d 461 has been cited to support the view that the motion was fatally deficient. It is true that in Lautzenheiser the Third Appellate District noted that the motion failed to apprise the state and the court of either the evidence sought to be suppressed or the law upon which the motion relied and thus the state was prevented from preparing an adequate response at the suppression hearing. The court reversed, however, because of numerous errors, not solely the deficiencies in the motion itself.
 {¶ 17} The appellate court in Lautzenheiser listed the following reasons for striking the motion to suppress:
"the oral motion as presented by the defendant in open court was garbled and unclear, involving a combination of two legal theories. As such the motion was completely inadequate to put the prosecutor on notice about the thrust of the motion. * * * At the conclusion of the hearing the trial court ruled that the state had failed to establish reasonable grounds to stop and dismissed the case for that reason. In addition, the record discloses that the state established, beyond any question, reasonable grounds to stop the defendant. It is not even a close question. Nevertheless, the trial court announced in open court that the case would be dismissed because the state had failed to establish reasonable grounds to stop. However, when the judgment entry was filed several days later, the basis of the dismissal had been changed to a failure to establish probable cause to arrest. There is nothing in the record to explain why the court should change the basis of its ruling from that which was announced in open court to an entirely different holding in the judgment entry. I am also troubled that the prosecutor assigned as error the holding by the court that the state failed to prove reasonable grounds to stop when the actual holding by the court as stated in the journal entry was a failure to establish probable cause to arrest. Additionally, I note that the court failed to comply with Crim.R. 12(E), which requires the court to state its essential findings on the record where factual issues are involved in determining a motion. The entry of dismissal in this case merely states a legal conclusion that the state failed to establish probable cause to arrest without setting forth any findings of fact."
 {¶ 18} At 466-467. None of these reasons applies to the case at bar. In Lautzenheiser, the motion for discovery was not in writing and failed to provide the prosecutor with sufficient notice of the purpose of the motion. Here, on the other hand, defendant's motion was in writing and sufficiently apprised the state of its purpose. In Lautzenheiser, the trial court's judgment entry was not consistent with its findings at the hearing. Here, the court very eloquently stated its findings on the record in compliance with Crim.R. 12(E). Finally, in Lautzenheiser, the state had clearly established a valid reason for the stop. The state in the case at bar, however, did not establish any reasonable grounds for the stop. Lautzenheiser, therefore, does not apply here.
 {¶ 19} Finally, the prosecutor has failed to demonstrate any prejudice to the state resulting from the defects it complains of. The Eleventh District, in a similar case, ruled that the following motion to suppress gave adequate notice to the prosecutor:
"Now comes the defendant and moves the Court to suppress all evidence in this case subsequent to the traffic stop of the defendant for speeding. In support of this motion, defendant says that the arresting officer did not have probable cause to stop the defendant for speeding."
State v. Mook, Trumbull App. Nos. 2001-T0057 2001-T-0058 ¶ 4-5.
The court held:
"While appellee's motion was exceedingly short, it gave the prosecutor and the court notice of the issues to be decided. The prosecution and the court were both put on notice that the basis of the motion was the lack of probable cause for the stop. The prosecution was also able to present all available evidence with regard to Officer Sheridan's probable cause for the stop. In addition, because the issue did not require any specific authority beyond the general authority used in every probable cause determination, the state was not prejudiced by the failure to cite legal authority in the motion."
Id. ¶ 19. Similarly, here, the prosecutor was aware that defendant was objecting to the "illegal stop and detention." This phrase put the prosecutor on sufficient notice that the legal basis of the stop was at issue.
 {¶ 20} More troubling, certainly, is the absence of specific "citations of authority" in defendant's brief. Without citing any case law, the defendant's motion to suppress merely references the doctrine of the "fruit of the poisonous tree." Although we strongly discourage defense counsel from failing to cite authority in their briefs, we find that defendant's reference to the "fruit of the poisonous tree" doctrine gave sufficient notice to the state. The state cannot claim that it is unfamiliar with the law regarding this doctrine. The Eleventh District was satisfied that a defendant had notified the state when he said that he intended to rely on "the general authority used in every probable cause determination." Mook, supra. Here, defendant's reference to the "fruit of the poisonous tree" provided more than sufficient notice to the state of the legal theory defendant planned to use.
 {¶ 21} In its brief, the state cites to Xenia v. Wallace (1988),37 Ohio St.3d 216, to support its claim that the lack of particularity in defendant's motion unlawfully prejudiced it. In Xenia, however, the court found that the defendant had presented sufficient facts to apprise the state of its objection. The court upheld, therefore, the suppression of the evidence.[1]
 {¶ 22} To satisfy the particularity requirement, defendant sufficiently apprised the state of the substance and legal basis for his motion to suppress. Accordingly, this assignment of error is overruled.
 {¶ 23} The state's second assignment of error is:
"II. The trial court erred in granting hill's motion to suppress as he had no standing."
 {¶ 24} The state argues that defendant Hill, the passenger, has no standing to challenge the stop because he was not the owner of the car. The Ohio Supreme Court has ruled, however, that ownership or control of the car does not determine the Fourth Amendment rights of persons in a car. Rather,
"a passenger does have standing to object to police conduct which intrudes upon his Fourth Amendment protection against seizure of his person. If either the stopping of the car or the passenger's removal from it is unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit."
State v. Carter (1994), 69 Ohio St.3d 57, 63.
 {¶ 25} In the case at bar, if the stop which led to the discovery of the contraband seized from the passenger was not based on a reasonable suspicion, the passenger has the right to have the contraband suppressed. Because the passenger had standing to move for suppression of the evidence obtained as a result of the stop, the trial court did not err in ruling on the motion. Accordingly, this assignment of error is overruled.
 {¶ 26} The state's third assignment of error is:
"III. The trial court erred in granting the motion to suppress based on reasonable suspicion."
 {¶ 27} The state argues that the officer had a reasonable suspicion to make the traffic stop and that the trial court erred in ruling the officer's reason for the stop was constitutionally insufficient. The officer stopped the car, they reason, because a juvenile in the car was out after curfew. This, they claim, provided a reasonable suspicion that the curfew ordinance was being violated and that suspicion justified the stop.
 {¶ 28} The ordinance in question states in pertinent part:
"No minor * * * under the age of eighteen years shall loiter, congregate, gather in groups or roam or be upon the streets or public places of the City between the hours of midnight and 5:00 a.m. of the following morning. The following shall constitute valid exceptions to the operation, application and requirements of this curfew:
(a) At any time, if the minor is accompanied by a parent, guardian or person in charge of such minor or some other responsible person over twenty-one years of age who has been given permission by such parent, guardian or person in charge to accompany the minor; or
(b) At any time, if the minor is upon an emergency errand or legitimate business directed by his parent or legal guardian; or,
(c) If the minor is legally employed, for the period from one-half hour before to one-half hour after work, while going directly between his or her home and place of employment. To come under this exception, the minor must be carrying a written statement from the employer attesting to the place and hours of employment."
 {¶ 29} It is a basic Constitutional principle that the government has no right to intrude upon a person or his home except in very limited circumstances.
"The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs."
Terry v. Ohio 392 U.S. 1, 8. This right applies as much to people in their automobiles as well as in their homes.
"An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1,20 L. Ed. 2d 889, 88 S. Ct. 1868. Thus, a law enforcement officer may properly stop an automobile under the Terry stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979), 440 U.S. 648, 653,59 L.Ed.2d 660, 99 S. Ct. 1391; State v. Gedeon (1992),81 Ohio App.3d 617, 618, 611 N.E.2d 972; State v. Heinrichs (1988),46 Ohio App.3d 63, 545 N.E.2d 1304."
State v. Bland, Cuyahoga App. No. 83430, 2004-Ohio-3742, ¶ 12. The officer's suspicions must be based, however, on the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 30} In the case at bar, the officer suspected the juvenile was breaking curfew because he was in a car with another person the officer knew to be under the age of twenty-one. The officer admitted, however, that he could not determine the age or identity of the person in the back seat until after he had executed the stop. He admitted, therefore, that he did not know whether the person in the back seat qualified under the statute as one of the persons listed, that is, as a parent, guardian, or another responsible person entrusted by the parent or guardian with responsibility for the minor. If he qualified as one of the three exceptions, the juvenile's presence on the street at that hour would not have been illegal.
 {¶ 31} Without that knowledge, the officer could not have had a sufficient reasonable suspicion that the curfew ordinance was being violated. The totality of the circumstances did not support the stop of the vehicle. We note that had the officer merely stopped his cruiser in a position that did not block the egress of the car and merely spoken with the occupants, the circumstances might be different.
 {¶ 32} The state relies heavily on City of Akron v. Fair (1994),68 Ohio Misc.2d 40, in which a trial court permitted evidence obtained during a curfew stop where one of the car's occupants was actually an adult. In Fair, however, the officer testified that all the occupants of the car appeared to be juveniles. The officer in the case at bar, on the other hand, admitted he did not have any information concerning the third person in this car before the stop. Further, we do not have any information concerning the requirements of the ordinance being enforced in Fair. Finally, we note that Fair is a trial court decision which has not received appellate scrutiny. Nor has its reasoning been cited by any appellate court. It has, therefore, no precedential value.
 {¶ 33} The other case the state relies on is City of Richmond Hts. v.Marando (May 28, 1992), Cuyahoga App. No. 60471, 1992 Ohio App. LEXIS 2676. In Marando the occupants of a car were stopped by an officer because they appeared to be too young to be out past curfew. "`He indicated the occupants were youthful looking from their "facial features, hair, coloring, clothing.'" Id. at *4. The court held that "[u]nder these circumstances, [the officer] had an `articulable and reasonable suspicion' that defendant was in violation of curfew. Thus, the investigative stop was reasonable." Id.
 {¶ 34} Although the motive for both Marando's stop and the stop in the case at bar were the same, to investigate a curfew violation, the totality of the circumstances were sufficiently different to render the stop in Marando constitutional and the stop in the case at bar unconstitutional. In Marando, the officer observed that all the occupants of the car appeared to be underage. In the instant case, the officer could not see the third person in the car to determine whether he was an adult over the age of twenty-one who would have authority for the juvenile to be out after curfew.
 {¶ 35} The facts available to the officer, therefore, when viewed in the totality of the circumstances, were not sufficient to support the suspicion that he was observing a curfew violation. The trial court did not err, therefore, in granting defendants' motion to suppress. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs. Gallagher, J., concurs in part and dissents inpart: see separate opinion.
[1] Ironically, here the state cited to no case law to support its assertion that a trial court errs in finding sufficient particularity in a defendant's motion to suppress, solely because defendant cited no case law.
 CONCURRING AND DISSENTING OPINION